JOHN F. SMITH, H. J. PORTER AND SIDNEY SMITH

V.

SAMUEL S. TAGGART.

*Action for Injuries—Negligence of Warehousemen in Excavating under Driveway—Instructions—Damages, not Excessive—Evidence—Res Gestæ—Statute of Limitations—Amendment of Declaration—New Cause of Action.*

1. While a new cause of action can not be injected into a pending litigation by amendments or additional counts to the declaration, so as to avoid the plea of the Statute of Limitations, if the amendment or additional count is a mere restatement of the original cause of action, the bar of the statute will not apply.

2. In an action to recover damages for personal and other injuries alleged to have resulted from the negligence of the defendants in excavating under a driveway leading to their warehouse, it is *held:* That the amendment to the declaration, if necessary, was merely a restatement of the same cause of action; that evidence of the plaintiff's inability to do his usual work, and

Smith v. Taggart.

of the gentleness of his horses, was properly admitted; that a verdict for $500 in favor of the plaintiff is not excessive, and is sufficiently sustained by the evidence, although conflicting, there being no question of the gross negligence of the defendants; and that the instructions, which were numerous, were substantially correct, being especially as favorable to the defendants as they could reasonably ask.

3. Where the court has properly instructed the jury on a given point, it is under no obligation to repeat the same principle of law in another instruction in different phraseology.

[Opinion filed December 11. 1886.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Mr. JAMES S. COCHRAN, for appellants.

The third instruction given for the plaintiff gives unbridled license to the jury to render a verdict for the full amount of proximate damages, if any, that they may believe from the evidence, he suffered by reason of such injury, without any limitation on the jury to the right of recovery for the negligence specified in the declaration. Under this instruction the jury may well have assumed to give the plaintiff damages for his mental suffering, prospective profits in business, loss in change of business, and any other proximate damages, although not specified in declaration. The plaintiff is limited in his right to recover to the injuries set forth in his declaration, and to such special damages as are specified in his declaration, and he can not recover any special damages outside of his declaration. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. W. D. R'y Co. v. Klauber, 9 Ill. App. 613, 620.

Under this instruction, the jury may have thought that they had the right to find a mental suffering and anguish, which is not allowable. I. C. R. R. Co. v. Sutton, 53 Ill. 397 ; Joch v. Dankwardt, 85 Ill. 331.

It should have been more accurate. C. & N. W. R. R. Co. v. Dimick, 96 Ill. 42, 47 ; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

The sixth instruction assumes that if there was gross negligence, that such gross negligence was wilful and malicious.

Gross negligence is defined to be the omission of those ordinary and reasonable precautions which every prudent man would observe for his own safety. C. W. D. R'y Co. v. Klauber, 9 Ill. App. 613, 623; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; I. C. R. R. Co. v. Patterson, 93 Ill. 290.

By this instruction the question of want of ordinary care on the part of plaintiff, the main theory of the defense, is absolutely ignored and obliterated, for the want of ordinary care is of no avail when the injury is wilfully and maliciously inflicted. C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; St. L., A. & T. R. R. Co. v. Manly, 58 Ill. 300; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, 521; W., St. L. & P. R'y Co. v. Shacklet, 105 Ill. 364, 370.

It is not proper by an instruction to announce what acts are negligent, and the degree of negligence which they prove. It is for the jury to say from the evidence whether either or both parties were guilty of negligence, and if so, its comparative degree. Kolb v. O'Brien, 86 Ill. 210.

An instruction is erroneous which is predicated on the assumption that there is evidence tending to prove a fact when there is no such evidence. C., B. & Q. R. R. Co. v. Harwood, 90 Ill. 425.

An instruction which allows a recovery for negligence in general respects, without limitation to the particulars of negligence specified in the declaration, is too broad. Recovery should be confined to causes averred in declaration. C. & A. R. R. Co. v. Mock, 72 Ill. 141; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. W. D. R'y Co. v. Klauber, 9 Ill. App. 613, 620.

The observance of ordinary care is an essential element to right of action in any case of negligence. C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510, 516; W., St. L. & P. R. R. Co. v. Thompson, 10 Ill. App. 271, 275; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; I. C. R'y Co. v. Hetherington, 83 Ill. 510, 515.

An averment of due care when traversed by the general issue can not be treated as an immaterial issue, and this

issue can not be ignored.   W., St. L. & P. R'y Co. v. Shack-let, 105 Ill. 364.

Each instruction should be correct in itself.   The fact that proper instructions were given to the defendants will not cure the error in those given for the plaintiff in cases of this character.   Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. & N. W. R'y Co. v. Dimick, 96 Ill. 42, 47; Morris v. Gleason, 1 Ill. App. 510 ; W., St. L. & P. R'y Co. v. Schack-let, 105 Ill. 364; C. & A. R. R. Co. v. Murray, 62 Ill. 326 ; Baldwin v. Killian, 63 Ill. 550 ; I. C. R. R. Co. v. Moffit, 67 Ill. 431.

Messrs. J. C. Garver and P. J. Geib, for appellee.

Baker, P. J.   This was an action by Taggart against appellant to recover damages for personal injuries claimed to have been occasioned on the first day of August, 1882, through their negligence.   The original declaration charged in substance, that appellants were at that date possessed of certain premises used by them for warehouse purposes, and for the receiving of grain, and of a certain drive-way leading up to the same and connected therewith, and that while appellee, with due care and without notice, was going upon said drive-way with his wagon and team, to deliver grain to said warehouse, the appellants wrongfully, negligently and unskillfully excavated under said way, so as to make the same unsafe and dangerous, and negligently suffered the same to be and remain in such dangerous condition, without suitable props or reasonable notice of such condition; and that by means of the premises and solely by reason of the negligence and improper excavation under said way, and its unsafe and dangerous condition, appellee was thrown, with his team, violently and unavoidably into such excavation, and thereby broke his wagon and harness, and was himself hurt, bruised, etc.

On the 14th day of December, 1885, the declaration was so amended as to charge, that the excavation was "under said messuage and premises, up to the said way and partly around one post on which a part of said way rested," and also charged

that the injury was occasioned by reason of the negligent and improper excavation under said messuage and premises up to said way, and partly around one of the posts upon which said way rested, whereby said way became and was in an unsafe and dangerous condition.

It is objected that the negligence complained of in the original declaration was the excavation under the drive-way, whereas the negligence complained of in the amended declaration was the excavation under the warehouse and up to the drive-way, and partly around one of the posts supporting the drive-way; and it is claimed that this amendment introduces a new cause of action, and one to which the Statute of Limitations is a complete defense. We do not understand the pleadings in this case. The rule of law undoubtedly is that a new cause of action can not be injected into a pending litigation by amendments or additional counts to the declaration, so as to have the effect to avoid the plea of the Statute of Limitations. I. C. R. R. Co. v. Cobb, 64 Ill. 128,140; Phelps v. I. C. R. R. Co., 94 Ill. 548. But if the amendment or additional count is a mere restatement of the original cause of action, then the bar of the statute will not apply to it. In the Cobb case it was said: "Counsel for appellees cite various authorities for the purpose of showing that courts should be liberal in allowing amendments for the purpose of avoiding the running of the statute. These authorities, however, are cases where the amendment was for the purpose of restating the cause of action in the pending suit, and not for the purpose of introducing a wholly new and different cause of action." In the Phelps case, the matter at issue being the question of the bar of the Statute of Limitations, it was said: "The solution of the question depends upon whether the additional counts set up entirely new causes of action." In the North Chicago Rolling Mill Co. v. Monka, 107 Ill. 340, it was said: "The damages sought are for the same injury alleged to have resulted from the defectiveness or insufficiency of the same machinery, and that the existence of such defects was by reason of the fault of defendant. The substance of the additional count is identical with that of the first, varying

Smith v. Taggart.

only in the description of the particular point in which the defendant was alleged to have failed in its duty to plaintiff." So, here, the injury mentioned in the declaration as amended, was the same as that mentioned before the amendment; both before and after the amendment it was the unsafe and dangerous condition of the drive-way that was alleged to have caused the injury, and the negligence of appellants that was averred to have occasioned such unsafe condition. The only difference was in the statement of the particular way in which appellants made the drive-way dangerous, and even in that respect there was but a slight variance, if any. We think the allegations of the declaration before and after the amendment were substantially the same ; and even if the amendment was necessary, which is extremely doubtful, it was at most merely a restatement of the same cause of action. Our conclusion is, that the two years bar of the Statute of Limitations has no application to the case.

It was not error to permit appellee to state in his testimony that he had left his farm because he was unable to work it, on account of the injuries he had received. It was not stated or claimed as an element of special damage, and the fact he was unable to do his usual work was a circumstance tending to show the extent of his injuries. We are unable to see that there was any error in allowing the witness, Poffenberger, to testify that the horses the appellee drove at the time of the injury were gentle ; the character of the horses for gentleness or otherwise was one of the circumstances connected with the *res gestæ* of the transaction.

The court refused to give the 12th instruction asked by appellants. Its substance was given in the 5th instruction of the series, which told the jury that there must be proof of ordinary care on the part of the plaintiff; that the gist of the action was the negligence of the defendants and ordinary care on the part of the plaintiff, and that unless these were established the defendants were not liable. There was, therefore, no error in refusing the 12th instruction, as the court was under no obligation to repeat the same principle of law in another instruction couched in variant phraseology. Objec-

tions are made to the 3d, 6th, 7th and 10th instructions given at the instance of appellee. It is claimed the 3d instruction gives unbridled license to the jury to render a verdict for the full amount of proximate damages without limiting the jury to the negligence and the injuries specified in the declaration. As we read the instruction, the jury were informed in express terms that in order for plaintiff to recover it was necessary for him to prove that he was injured as stated in the declaration, and by the negligent act of the defendants as stated in the declaration, and that upon such proof, if made, he was entitled to the full amount of proximate damages, if any, that he suffered by reason of *such injury*. The point made is without merit. The 6th instruction defined gross negligence as meaning "a wrongful act or omission wilfully and maliciously done or omitted, or wantonly reckless conduct showing an utter disregard of the rights of others." It is urged this instruction assumes that if there was gross negligence, then such gross negligence was wilful and malicious. This is not a correct statement of the meaning of the instruction; that which it assumes is this: that if there was a wrongful, wilful and malicious act or omission, or wantonly reckless conduct that showed an utter disregard of the rights of others, then such act, or omission, or conduct, was gross negligence, and most assuredly it would be that, and even something worse. If the instruction is inaccurate, that inaccuracy is in favor of appellants, and they can not complain. The doctrine of comparative negligence was involved in the case, and it was claimed appellee had been negligent, and if that were found to be true by the jury and that appellee was guilty of even slight negligence, then it precluded the right of recovery unless the jury found the negligence of appellants was gross, and it followed that the greater the negligence was that was necessary in order to constitute gross negligence, the better for appellants. Appellee alone could be injured by the instruction. The 7th instruction was as follows:

"The court instructs you that when a tort or wrong is committed by an agent or employe in the course of his employment, and while pursuing his employer's business, the

employer will be liable for any damages resulting from such tort or wrongful act, although it is done without the employer's knowledge or consent, unless the wrongful act is a wilful departure from such employment or business."

It is claimed that the right of recovery should have been confined to the causes alleged in the declaration, and that the instruction omits the duty of ordinary care on the part of the injured party. It will be noted that this instruction does not purport to lay down the ground upon proof of which a recovery may be had, and therefore the principles which are applicable to that class of instructions do not apply to it. The instruction merely states, and correctly states, an abstract rule of law. It does not pretend to state either the injury or the negligence necessary for a recovery in the particular case, nor do we understand that it is required in cases of this character that every instruction stating a principle of law should embody the legal formula with reference to ordinary care upon the part of the plaintiff. The criticisms upon the instruction are not well founded.

The 10th instruction contains two sentences that are lengthy and somewhat involved ; but it is plain from the context and the phraseology, connection and construction of these sentences, that they are to be considered together, and that they qualify and explain each other. There is no assumption in the instruction that it gives a catalogue of the facts that will justify a verdict for the plaintiff, but its evident function is to state and explain the doctrine of comparative negligence. Quite a number of facts are urged against it, and these may be briefly disposed of. The very first clause states in apt terms the requirement of reasonable care on the part of the plaintiff; the gross negligence of the defendants' servants was in law, the gross negligence of defendants themselves; in defining and explaining the rule of comparative negligence it is not requisite that the expression "the negligence of the defendants" should be qualified by the words "specified in the declaration"; it is not necessary to state that "the injuries complained of" were "directly" caused by the negligence of the defendants, in a cause where neither the pleadings nor the proofs

claim or suggest either remote negligence, injuries or damages. The instruction is, in some respects, rather inartificially drawn, but we are unable to see it could have misled the jury; and the criticisms upon it are technical and too refined for the purposes of the substantial and practical administration of justice.

The evidence is somewhat conflicting, but the conflicts in the testimony have been decided by the jury in favor of appellee. We have carefully examined the evidence, and think that it sufficiently sustains the verdict. It tends to show the injuries received were painful, serious in their consequences, and permanent; and we are unable to say the damages awarded, $500, are excessive. There is no question of the gross negligence of appellants and their agents and servants in so excavating under their elevator as to render the drive-way unsafe and dangerous, without giving any notification of such condition to the public whom they invited to deal with them and use it. The pit was not in sight, it was under the warehouse. It does not appear that appellee saw the earth that had been taken from the excavation and distributed in plain view of the road leading to the drive-way; but, even if he saw it, or was chargeable with notice it was there, yet as he was not notified of danger by the clerk who weighed his wheat at the scales, and the wheat could only be delivered by using the drive-way, and there was no warning or impediment placed at the drive-way, he had a right to rely upon its safety. The jury have passed upon the question of his supposed negligence, and we can not say their decision was wrong. The instructions were substantially correct; and in the eleven instructions given at the instance of appellants, the principles of law tending to this interest were as fully and as favorably given as they could reasonably ask.

We find no substantial errors in the record, and the judgment is affirmed.

*Judgment affirmed.*