## Swift and Company v. Peter Madden.

1. AMENDMENTS — *Additional Counts—Statute of Limitations.* — Where the injury complained of in an additional count to a declaration in an action for personal injuries filed after the statute has run, is identical with that charged in the original declaration, a demurrer to a plea of the statute of limitations to such additional count is properly overruled.

2. VARIANCE—*Must be Raised in the Court Below.*—A variance must be specifically pointed out in the trial court and in apt time.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

JOHN A. POST and JOHN B. BRADY, attorneys for appellant.

FRANCIS T. MURPHY, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover damages arising from personal injuries received by an employe of appellant.

On August 29, 1892, the plaintiff filed his declaration, alleging substantially as follows:

That the defendant on, to wit, the 7th day of June, 1892, at the city of Chicago, was engaged in the business of manufacturing, among other things, glue, and that while so engaged, " employed the plaintiff to shove or move certain buckets on wheels or cars upon and along certain rails laid

in the shop or factory of defendant at, to wit, the said city of Chicago, for the purpose of moving from one part of said factory or shop to the other part thereof, articles used in the manufacture of said substance.

"And thereby it then and there became the duty of the defendant to have constructed or laid said rails and switches in a proper manner, and to have kept the same in such good and safe state of repair that the plaintiff might safely work at his said employment of shoving said buckets on wheels or cars; yet, the defendant, not regarding its duty in that behalf, nor used due care and diligence in that behalf, but on the contrary thereof, negligently and wrongfully allowed said rails and switches to said factory at Chicago aforesaid, to be and remain in an unsafe and dangerous condition, so that the plaintiff, while so employed by the defendant in shoving and moving said buckets from one part of said factory to another part thereof, and with all due care and diligence on his part upon certain switches to turn said bucket or car in the direction he was ordered to go with said bucket in said factory at Chicago aforesaid, being in an unsafe and dangerous condition for want of repair, did not remain open and allow said bucket on said rails to move in the direction intended, as it would if it had been in a proper state of repair, but said switch closed and sprung back," etc.

To the above declaration the defendant filed a general demurrer, which was confessed by the plaintiff.

On November 28, 1892, the plaintiff filed his amended declaration, alleging substantially as follows:

That the defendant on, to wit, the 7th of June, 1892, etc., engaged in the manufacture of a substance called glue, and while so engaged "employed the plaintiff to shove or move certain buckets from one part of said factory or shop to other parts thereof, for the purpose of carrying articles used in the manufacture of said substance;" the plaintiff avers that "each of said buckets was hung on a hook attached to a pulley or bolt of iron, which pulley or bolt of iron was attached at the other and upper end to two wheels, which ran upon certain rails or lines of railway," etc.

" That he was employed by defendant to move said buckets from one part of said factory to another, and thereby it then and there became the duty of defendant to have kept the said line or lines of railway and switches in a good and safe condition of repair, that the plaintiff might safely work at his said employment of moving the said buckets."

" The defendant did not regard its duty in that behalf, nor use due care or diligence in that behalf, but on the contrary thereof negligently and wrongfully permitted and allowed said switches in said factory, etc., to be and remain in an unsafe and dangerous condition, so that the plaintiff while so employed by defendant in shoving and moving said buckets from one part of said factory or building to another part thereof, with all due care and diligence on his part, turned a certain switch to move said bucket in the direction in which he was ordered to go with said bucket, on the day aforesaid, in said factory or building, etc., said switch being in an unsafe and dangerous condition for want of repair, which fact was not known to the plaintiff, did not remain in the position in which plaintiff had properly placed it, so as to allow said bucket on said rail or line of railway to move in the direction intended, but said switch closed and sprung back as plaintiff moved the bucket to turn the same upon said switch."

To the above declaration, the defendant filed its plea of not guilty, and the plaintiff added his similiter.

On June 23, 1894, more than two years after plaintiff was injured, he asked leave of court to file instanter additional counts to his declaration, which motion was allowed, the first count containing substantially the following :

" It then and there became the duty of the defendant whenever the lines of railway so became broken, or out of repair and dangerous and unsafe, to repair the same, that plaintiff might safely work at his said employment, yet the defendant, although notified that the lines of railway and switches were out of repair and unsafe, and although it promised that the lines of railway and switches should be at once repaired, and thereby caused the plaintiff to continue

in his said employment, did not regard its duty in that, and carelessly and negligently permitted said lines of railway and switches to be and remain out of repair and in an unsafe and dangerous condition," etc.

The second count of the additional counts alleges substantially as follows:

"The defendant, well knowing that a certain switch was out of repair and unsafe and dangerous, on, to wit, said date, June 7, 1892, carelessly and negligently ordered the plaintiff to move a certain bucket from one part of the factory to another, and over and across said switch, which was then and there out of repair and unsafe and dangerous, by means whereof the plaintiff, while so employed by defendant in moving and shoving said buckets from one part of the factory to another part thereof, over and across said switch, with all due care and diligence on his part, to wit, on the day aforesaid, moved said bucket in the direction he was ordered to go with it, which said switch did not remain in the position in which plaintiff had properly placed it, so as to allow said bucket to move in the direction intended, but said switch closed and swung back as the plaintiff moved the bucket upon the switch."

To the first additional count of plaintiff's declaration defendant filed two pleas of the statute of limitations.

Plaintiff demurred to defendant's pleas of the statute of limitations, which demurrer, the court, on January 29th, 1895, sustained.

To which ruling the defendant excepted.

A majority of the court is of the opinion that the demurrer to the plea of the statute of limitations was properly sustained.

The injury complained of being identical with that charged in the amended declaration, a majority of the court hold that the cause of action originally set forth was the same as that declared upon in the additional count filed June 23, 1894. Blanchard v. L. S. & M. S. Ry. Co., 26 Ill. 416; N. Chi. R. M. Co. v. Monka, 107 Ill. 340; Smith v. Taggart, 21 Ill. App. 538; C. & N. W. R. R. v. Trays, 17 Ill. App. 136.

This question eliminated, the whole controversy is upon questions of fact; as to these the finding is naturally against the defendant.

The variance claimed to exist between the evidence and the declaration was not pointed out upon the trial, where such variance could easily have been removed.

The jury is, under the instruction of the court, the judge as to the weight and tendency of the evidence; a verdict sanctioned by the trial judge can not be disregarded by us merely because our conclusion is otherwise.

The plaintiff's abstract omits material evidence upon the question of negligence, a practice not to be encouraged.

There are some things that tend to cast suspicion upon the plaintiff's case, but we find no sufficient reason for setting aside the judgment he has obtained, and it is affirmed.