James Reilly, Minor, by His Mother and Next Friend, Elma Reilly, and Robert Droege, Minor, by His Mother and Next Friend, Harriet Droege, Appellees, v. Peterson Furniture Company, Appellant, and Arthur Henke, Separate Appellant.

Gen. Nos. 41,836, 41,898.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed March 23, 1942.

JOHN A. BLOOMINGSTON, of Chicago, for certain appellant.

CHARLES J. MORGAN, of Chicago, for certain other appellant.

F. P. CONLON, L. L. SILVERMAN and MARION J. HANNIGAN, all of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

About 9:30 on the evening of July 28, 1939, plaintiff Droege, about 16 years of age, was driving his motorcycle east in Addison street, Chicago, and plaintiff James Reilly, about 18 years old, was seated behind him. The motorcycle collided with a west bound automobile driven by defendant Henke, as it was passing to the south of a westbound motorbus in Addison street. Plaintiffs claim Henke at the time was on business for defendant, The Peterson Furniture Company, a corporation. The two boys were injured and the instant case was brought by their mothers and next friends. There was a jury trial and

a verdict and judgment in Droege's favor for $5,000, a verdict and judgment in Reilly's favor for $250, from which defendants prosecute separate appeals.

Plaintiffs' theory of the case is that Arthur Henke, at the time of the collision, was engaged in the course of his employment as defendant Peterson Furniture Company's employee and that he negligently drove his automobile south of the center line of the pavement in Addison street, as a result of which plaintiffs were injured. The theory of defendant Furniture Company is that Henke "was not engaged in the course of his employment" at the time of the accident; was not at that time acting as its agent and that plaintiffs' eastbound motorcycle was negligently driven north of the center line of the roadway in Addison street.

The evidence is to the effect that Henke was the owner of the automobile which he was driving at the time and which he used in his business as an employee of The Peterson Furniture Company and for his own pleasure. Henke, called as an adverse witness under § 60 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.060], testified he started to work for The Peterson Furniture Company in March, 1939, as a collector and was still employed there at the time of the trial, December 12, 1940; that his job was to go about the city making collections for the furniture company; that when he first went to work another collector accompanied him to show him how the work should be done; that he used his own automobile all the time; that he was paid a salary and "it was agreed that I was to pay the expenses of the car out of that salary." That he reported every morning at 1026 Belmont avenue, the furniture company's place of business and Mr. Goin assigned work for him to do; that he would leave the furniture company's place of business at 9 a.m. on his work which took him to various parts of the city and he was not required to return to the

office at the end of the day; that when he left the office in the morning he had a list of accounts given to him for collection; that when he made a collection he would give a receipt in the name of the furniture company, taken from a receipt book which he carried; that on the night of the accident he had a list of cards and receipt books belonging to the furniture company which he received on the morning of July 28; that he did not return to the office that evening; that sometime before he had a conversation either with Mr. Goin or Mr. Smith, his superiors of the furniture company, relative to making collections at night and was told if he was not able to see a customer in the daytime he should make a call on him in the evening; that July 28 he called to collect a bill from Grizelle, one of the furniture company's customers who lived at 1901 Henderson street, Chicago, but was unable to see him; that on that evening he came home at the usual time, had dinner and his wife asked him to go with her and their child to the home of Henke's mother. That he told her he had some work to do, that she should go with the boy and he would pick her up later at his mother's home; that she went on the street car and he took the automobile and went to make a collection from Grizelle but he was not home; that he then started back to pick up his wife and child at his mother's home.

The evidence further shows Henke lived at 4118 West Potomac avenue; that in going to call on the customer, Grizelle, he drove east on Potomac to Pulaski Road, which is 4000 west, then north on Pulaski Road to North avenue, which is 1600 north, then east on North avenue to Damen avenue, which is 2000 west, then north on Damen to Henderson, which is 3300 north, and east on Henderson about a half block to Grizelle's home. Henke's mother lived at 3415 North Kilpatrick street, which is a north and south street at 4700 west. Addison street is an east and west

through street north at 3600 and the accident happened near Francisco avenue, which is about 2900 west. There is evidence that Henke was not directed by his superiors to make the night call but counsel for the furniture company say that question is "of no importance" because it appears without dispute that Henke had made the call, and finding no one home had started elsewhere when the collision occurred.

Counsel for the furniture company say that when Henke left the customer's home on Henderson street, he started back to his home at 4118 Potomac street, having forgotten he was to go to his mother's home on North Kilpatrick street and when he was part way towards his home he turned and went to pick up his wife at his mother's home. It is contended the court should have directed a verdict, as requested, in favor of the furniture company at the close of all the evidence because the undisputed evidence showed that at the time of the accident Henke was not engaged in the course of his employment but was on a mission of his own, and authorities are cited tending to sustain defendants' contention. The question whether Henke at the time was in the course of his employment or was on a mission of his own is not free from difficulty but we think it was a question for the jury to decide. *Bloodgood v. Whitney,* 235 N. Y. 110; *Moore v. Rosenmond,* 238 N. Y. 356, opinion by Judge POUND; *Kavale v. Morton Salt Co.,* 242 Ill. App. 205, affirmed in 329 Ill. 445; *Wagner v. Chicago Motor Coach Co.,* 288 Ill. App. 402. It is the law that where a difference of opinion might legitimately be drawn from the evidence on the question of negligence, the case must be submitted to the jury. It is for the jury to draw the inference, *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 623; *Moore v. Rosenmond,* 238 N. Y. 356; *Kavale v. Morton Salt Co.,* 242 Ill. App. 205; *Norris v. Illinois Cent. R. Co.,* 88 Ill. App. 614; *Richmond & Danville R. Co. v. Powers,* 149 U. S.

43; *Gunning v. Cooley,* 281 U. S. 90; *Denny v. Gold-blatt Bros.,* 298 Ill. App. 325; *Best v. District of Columbia,* 291 U. S. 411. As stated by the United States Supreme Court in *Union Pac. R. Co. v. Huxoll,* 245 U. S. 535 in a negligence case demonstration is not required.

In the *Best* case a child 5 years of age fell through a hole in the wharf, was drowned, and suit was brought on the ground that the death resulted from the negligence of the District of Columbia. A verdict was directed at the close of the opening statement of counsel for plaintiff. This was affirmed by the United States Circuit Court of Appeals, 66 F. (2d) 797 and the Supreme Court of the United States granted certiorari where the judgment was reversed. Mr. Chief Justice Hughes, in delivering the opinion of the court said: "The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced. *Oscanyan v. Arms Co.,* 103 U. S. 261, 263. . . . But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. Where uncertainty arises either from a conflict of testimony or because, the facts being undisputed, fair-minded men may honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. *Richmond & Danville R. Co. v. Powers,* 149 U. S. 43, 45; *Texas & Pac. Ry. Co. v. Harvey,* 228 U. S. 319, 324; *Gunning v. Cooley,* 281 U. S. 90, 94." The fact that in Illinois the practice does not obtain in directing a verdict at the close of the opening statement of plaintiffs' counsel (*Pietsch v. Pietsch,* 245 Ill. 454; *Sun Oil Co. v. Garren,* 261 Ill. App. 513) does not change the substantive rule of law announced in the opinion by the Chief Justice.

In the instant case we think different inferences might be drawn from the evidence as to whether Henke, at the time of the accident, was in the course of

his employment or on a mission of his own and therefore the question was for the jury.

(2) We are further of opinion that whether plaintiffs were in the exercise of ordinary care for their own safety and whether Henke was guilty of negligence which resulted in the accident were also questions for the jury. It is clear we would not be warranted in disturbing the verdict of the jury, approved as it was by the trial judge, on the ground that the verdict and judgment are against the manifest weight of the evidence.

Counsel for the furniture company also contend the court erred in giving the following instruction at the request of plaintiffs: "The court instructs you that when a tort or wrong is committed by an agent or employe in the course of his employment and while pursuing his employer's business, the employer will be liable for any damages resulting from such tort or wrongful act, although it is done without the employer's knowledge or consent, unless the wrongful act is a wilful departure from such employment or business." And the argument of counsel is that the jury would be justified in bringing in a verdict for the plaintiffs although they might also believe plaintiffs were guilty of negligence which contributed to the injury.

We think the instruction is not subject to the objection. It is abstract and does not direct a verdict. The identical instruction was held not to be erroneous in *Smith v. Taggart,* 21 Ill. App. 538, in an opinion by Presiding Justice BAKER, who shortly thereafter was elected to the Supreme Court of this State where he continued for many years.

By other instructions the jury were told plaintiffs could not recover unless they were in the exercise of ordinary care for their own safety and that the jury could not find for plaintiffs if they found Henke was in the exercise of due care.

In the separate appeal taken by defendant, Arthur Henke, separate briefs have been filed and his counsel contends the verdict and judgment in plaintiff's favor against Henke was against the manifest weight of the evidence and that plaintiffs were guilty of contributory negligence as a matter of fact and as a matter of law. From what we have said neither of these contentions can be sustained.

We might add there is an apparent clerical error in entering the judgments on the verdicts. The verdict in favor of plaintiff Reilly was for $250 and that in favor of plaintiff Droege $5,000. The verdicts were returned December 18, 1940, and on the same day the court entered them of record. Afterward motions for a new trial were filed by each defendant and February 14, 1941, they were overruled and the order recites that judgment was entered on the verdicts, $5,000 in favor of Reilly and $250 in favor of Droege. It is clear the judgments should have followed the verdicts and there was a clerical error in entering the judgments as ordered by the court.

The judgments of the Superior court of Cook county are affirmed.

*Judgments affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.