James Haywood, Plaintiff-Appellee, v. Swift & Company, a Corporation, Defendant-Appellant.

**Gen. No. 49,253.**

First District, Fourth Division.
October 21, 1964.

James A. Dooley, of Chicago, for appellant.

Warren J. Hickey and Edward Wolfe, both of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This appeal is from the failure of the trial judge to enter a judgment in favor of the defendant upon the return of a special interrogatory by the jury finding that the plaintiff was not in the exercise of ordinary care for his own safety prior to and at the time of the occurrence complained of, and from the denial of defendant's post-trial motion seeking the entry of judgment for the defendant. No general verdict was returned by the jury.

After a trial the jury, after deliberation, informed the court that it could not reach a verdict. Upon discharge of the jury, it was ascertained that the twelve jurors had signed a special interrogatory answering "No" to the question: "Was plaintiff in the exercise of ordinary care for his own safety prior to and at the time of the occurrence complained of?"

---

* See Callaghan's Illinois Digest, same topic and section number.

180

The court declared a mistrial.* Defendant in its post-trial motions and on appeal urges that the answer to the special interrogatory constituted a special verdict and argues that it was mandatory upon the court to enter judgment in its favor.

Special verdicts were allowable until the adoption of the Civil Practice Act in 1933. That Act omitted any provision for special verdicts and it was held in Crooks v. Sayles, 39 Ill App2d 22, 187 NE2d 742 that special verdicts were abolished.

■ Section 65 of the Civil Practice Act (Ill Rev Stats 1961, c 110, § 65) provides in part:

> Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions.

The purpose of special interrogatories is to test the general verdict against the jury's conclusions as to the ultimate controlling facts. Todd v. Borowski, 25 Ill App2d 367, 375, 166 NE2d 296, and Wise v. Wise, 22 Ill App2d 54, 58, 159 NE2d 500.

The courts of other states under statutes similar to our Section 65 have held that answers to special interrogatories are of no force or validity unless accompanied by a general verdict. Bruce v. Hubbell, 70 Ind App 237, 123 NE 416 (1919); Saavedra v.

---

* Since the court declared a mistrial, this vitiated all the proceedings up to that time, and, in legal effect, was equivalent to no trial at all. ILP Trial § 21, and 88 CJS Trial § 36b.

City of Albuquerque, 65 NM 379, 338 P2d 110 (1959); Harris v. Harris, 62 Nev 473, 153 P2d 904 (1944).

██ ██ Since no judgment could be entered on the answer to a special interrogatory without an accompanying general verdict, there was no final judgment or order from which an appeal could be taken. (Ill Rev Stats 1961, c 110, § 77; The Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371.)

The motion of plaintiff to dismiss the appeal is allowed.

Appeal dismissed.

ENGLISH, P. J. and McCORMICK, J., concur.