DANIEL E. DUNKLEE, JR., & another *vs.* LOUIS H. McGLOIN, JR. December 2, 1964. Exceptions overruled. The minor plaintiff alleges injuries and his father seeks consequential damages in this action of tort. The son was the driver of a car which, while trying to make a U-turn across an unbroken double white line which divided opposing lines of traffic at the end of a traffic island, was struck by a car driven by the defendant. Exceptions are alleged (1) to the denial by the judge of the plaintiff's motion to expunge from the auditor's report prior to a jury trial a finding of negligence on the part of the plaintiff "in trying to make a U-turn at the end of the traffic island across two solid white traffic lines with other traffic following him on the west bound lanes" when the defendant was entitled to presume he would not do so, and (2) to the refusal of the judge to charge that no statute or regulation was violated by the plaintiff in trying to make the U-turn. There was no error. The auditor's finding of negligence on the part of the minor plaintiff had support in the subsidiary facts which he found. The judge's charge adequately dealt with the law to be considered by the jury in their assessment of the case. See *Squires* v. *Fraska*, 301 Mass. 474, 476.

*Richard L. Wainwright* for the plaintiffs.

*William J. Fenton* for the defendant.

JANE H. LORD & another *vs.* EARLE T. CHENEY & another. December 2, 1964. Order sustaining demurrer affirmed. Judgment for the defendants. The plaintiffs' amended declaration purported to charge a conspiracy on the part of the defendants and others not named as defendants. The defendants' demurrer was sustained, and the plaintiffs appealed. The demurrer, one of the grounds of which was that the declaration failed to state a cause of action, was rightly sustained.

*Herbert Lord* for the plaintiffs.

No argument or brief for the defendants.