## *Northern District*
## No. 6114
## LESLIE BRANDYWINE
### v.
### ETHEL KARDON

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Linehan, J.* in the District Court of Newton. No. 9316.

*Brooks, P. J.* This is an action of tort in two counts for personal injuries and property damage alleged to have been caused by the negligent operation of a motor vehicle by the defendant, her agents or servants. The action was entered in Suffolk Superior Court and thereafter transferred to the District Court of Newton under the provisions of G. L. c. 231, §102C. After hearing in said court on *January 5*, 1965, the trial justice found for plaintiff on both counts and notice of the decision was mailed to defendant on that date.

On *January 7*, 1965 defendant mailed to the Clerk's Office of the Suffolk Superior Court her request for transfer. No request for transfer was filed with the Clerk of the District Court of Newton. On *January 18*, 1965 defendant filed a motion in the District Court of Newton to be allowed to file late a request for retransfer of said case to the Suffolk Superior Court under the provisions of the aforesaid statute stating as a ground that the request was inadvertently filed with the Clerk of the Superior Court. Also filed was an affidavit that the mistake in filing was due to the inexperience of the secretary of defendant's attorney.

The motion was denied *January 21*, 1965 on the ground that subject's action was required as a matter of law. Defendant claims

to be aggrieved by the court's denial of the motion.

The issue here is whether the judge was in error when he denied the motion to retransfer late on the ground of lack of legal sanction. The pertinent section of the statute governing retransfer is as follows:

G. L. c. 231, §102C,

"Any party to the action aggrieved by the finding or decision may as of right have the case retransferred for determination by the Superior Court. The request for retransfer shall be filed with the clerk of said district court within ten days after notice of the decision or finding. If either party neglects to appear at the time appointed for such trial or at any adjournment thereof, without just cause, or if at any such time either party refuses to produce in good faith the testimony relied on by him, the justice may close the trial and order that judgment be entered for the adverse party and file a finding or decision to that effect, and if both so fail to appear he may order that the action be dismissed. Judgment shall be entered accordingly at the first judgment day after the expiration of ten days from the filing of such finding or decision or order of dismissal, unless said justice for cause shown otherwise orders."

In support of his motion, defendant argued that the case governed by *Dolan v. Boott Cotton Mills,* 185 Mass. 576. In that case the court decided that it was within the power of the trial court under Rule 18, now Rule 44

of the Superior Court, to allow a case to be put on the jury list by motion filed after the expiration of the ten day period stipulated in the rule. That rule reads as follows:

"A party shall be deemed to waive his right to trial by jury unless he files notice that he desires a jury trial not later than ten days after the time allowed for filing the answer or plea: or if an answer or plea is filed late by consent of parties or leave of court, not later than ten days after such finding; or in a case removed or appealed where the answer or plea was filed in the court below, not later than ten days after the entry of such case in this court; unless the court by special order extends the time."

The court said that the language requiring action to be taken no later than ten days after etc. was modified by the phrase "unless the court by special order shall extend the time." The issue then was whether the word "extend" included extension granted after expiration. The court held that it did. In the case before us there is no provision at all for extension. There is merely a general statement unrelated by juxtaposition to the previous to the previous statement from which it is separated by eight lines of unrelated matter to the affect that judgment shall be entered unless said justice for cause shown otherwise orders.

It seems to us that the present case is more analogous to those cases where the party filing a request for a report fails to do so within the five days specified by the statute. G. L. c. 231, §108 is as follows:

"The request for such a report shall be filed with the clerk of any district court within five days after notice of the finding or decision . . . . ".

It is also analogous to the provision providing for the filing of a draft report. This is provided for by Rule 28 of the rules of the district courts:

"The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision." etc.

This rule has the force of law under G. L. c. 218, §43 as amended by statutes of 1963 c. 810, §6. See also *Massachusetts Drug Co. v. Bencks,* 256 Mass. 535, 536 in which case the draft report was not filed within the time prescribed by the rule. The court said:

"The rule is plain in its terms. The requirement that the draft report shall be filed within the five day period is peremptory."

Only an extension applied for prior to the expiration of the ten days is permissible and then only for a reasonable time.

In *Wind Innersole and Counter Co., Inc. v. Geilich,* 317 Mass. 327 no copy of the draft report was filed with the trial judge for several days after the original had been filed with the clerk. The court after reciting the rule that copy of the draft report shall be delivered or mailed to the trial judge before the close of the next business day after such filing said at p. 329:

"And the provision of the rule for such delivering or mailing is mandatory. The word 'shall' used

in the rule so imports. Neither the context or the rule nor its general purpose indicates an intention to use the word in any other sense. See *McCarty v. Boyden*, 275 Mass. 91, 93."

The court, referring to G. L. c. 231, §113 and rule 73 of the Superior Court, goes on to say:

"This statutory provision has been held to be mandatory, unless compliance therewith is waived by the adverse party, and, in the absence of such waiver, noncompliance with this provision is ground for dismissing the bill of exceptions as not rightly upon the files of this court. *Day v. McClellan*, 236 Mass. 330, 331, 332; *Samuel v. Page-Storms Drop Forge Co.*, 243 Mass. 133, 136. See *Gallagher v. Atkins*, 305 Mass. 261, 263. See also, as to the mandatory nature of the rules of the District Courts and of the Municipal Court of the City of Boston fixing the time for the filing of a draft report, Rule 28 of the District Courts (1940), Rule 29 of the Municipal Court of the City of Boston (1940), *Massachusetts Drug Co. v. Bencks*, 256 Mass. 535, and *Calcagno v. P. H. Graham & Sons Co., Inc.*, 313 Mass. 364. These decisions with respect to procedural provisions analogous to the procedural provision here in question tend to support the conclusion that the mandatory language of the provision here in question is to be given mandatory effect."

Other cases bearing on this question are *Jordan Marsh Co. v. Barry*, 295 Mass. 210, 213; *Famigletti v. Neviackas*, 324 Mass. 70, 72 (citing *Wind Innersole and Counter Co.*,

*Inc. v. Geilich*). The same rule applies in the Probate Court in the matter of bringing suit against an estate. *Spaulding v. McConnell,* 307 Mass. 144, 147.

The recent case of *McGloin v. Nilson,* 348 Mass. 776 does not seem to us applicable. Unlike that situation, the case before us is finished. In the case cited it was unfinished in the district court by reason of the filing of a draft report and the papers could not be "forthwith transmitted" to the Superior Court as required by §102C. The court concluded that this situation was not contemplated by the framers of the statute so that in that case the purpose of the statute was impossible to carry out,—this purpose being to relieve congestion and expedite the judicial process. In the case before us defendant has failed to comply with the remand act and he should suffer the same penalty as he would suffer if through inadvertence his draft report were filed a day late.

The only question is whether the last sentence in the third paragraph of the retransfer act, G. L. c. 231, §102C that:

> "judgment shall be entered accordingly at the first judgment day after the expiration of ten days from the filing of such finding or decision unless said trial justice for cause shown otherwise orders."

justifies departure from the strict wording of the statute as was done in the *McGloin* case thus giving the court power to extend the time for applying for retransfer. If it had

been the intention to give the court power to extend the time for applying for retransfer, we believe that it would have been done as was done in Rule 28 of the District Courts specifically providing for an extension or modification of the rule. We say this having in mind the purpose of the act to speed up the wheels of justice.

*The report is to be dismissed.*

Max J. Moskow for the Plaintiff.

Alan W. Winsor for the Defendant.