Wilburn B. Smock, Plaintiff, v. Nolan M. Williamson, D & M Rentals, Inc., Tempco Products Co., a Corporation, Defendants.

Doice Gunnels, Plaintiff, v. Tempco Products Co., a Corporation, D & M Rentals, Inc., and Nolan M. Williamson, Defendants.

Gen. No. 66–78.

Fifth District.

February 14, 1967.

Gosnell & Benecki, of Lawrenceville (Maurice E. Gosnell, of counsel), for appellants.

Albert W. McCallister, of Carmi, for appellee.

MORAN, P. J.

This is an appeal from the Circuit Court of Wabash County, Illinois, from an order of the trial court denying the defendants' motion for judgment against plaintiff, Wilburn Smock.

After plaintiff Smock filed suit against the defendants for personal injuries, Doice Gunnels, a passenger in Smock's automobile, also filed suit. The cases were con-

solidated for trial on a motion by the defendants and were tried before a jury. At the end of the arguments, the trial court granted the defendants' motion for a mistrial as to Smock.* The jury then returned a verdict for the defendants and against the plaintiff Gunnels. After Gunnels' post-trial motion was overruled, the defendants filed a motion for judgment in their favor against plaintiff Smock on the ground that the issue of the defendants' negligence had been decided by a jury in favor of the defendants and that further litigation of the question was barred under the doctrine of estoppel by verdict. The trial court overruled the defendants' motion, but found and ordered that "there is no just cause for delay in an appeal by defendants from the Court's Order . . . ."

Since the order of the trial court did not terminate the litigation between the parties on the merits of the cause so that, if affirmed, the trial court had only to proceed with the execution of the judgment, the order is not final and appealable, and this court has no jurisdiction to hear this appeal. Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371; Midstates Finance Co. v. Waller, 67 Ill App2d 437, 214 NE2d 624.

For the foregoing reasons this appeal is dismissed and the case is remanded for further proceedings not inconsistent with this opinion.

Appeal dismissed and case remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.

---

* Since the court declared a mistrial, this vitiated all the proceedings up to that time, and, in legal effect, was equivalent to no trial at all. ILP Trial § 21, and 88 CJS Trial § 36b. Haywood v. Swift & Co., 53 Ill App2d 179, 202 NE2d 880.