(No. 43531.—

RAYMOND BLANTON, Appellant, v. WILLIAM F. DEN-NISTON *et al.*, Appellees.

*Opinion filed March 20, 1973.*

2

JOSEPH T. McGUIRE, of PERZ and McGUIRE, of Chicago, for appellant.

TIM J. HARRINGTON, of Chicago (MATTHEW N. CHACONAS and ROBERT J. T. GUILFOYLE, of counsel), for appellee William F. Denniston.

BEVERLY, PAUSE, DUFFY & O'MALLEY, of Chicago (FRANK J. PAUSE, JOHN J. O'MALLEY and DOM J. RIZZI, of counsel), for appellee Eugene Steiner.

MR. JUSTICE WARD delivered the opinion of the court:

Raymond Blanton, the plaintiff, has appealed from a judgment entered in the circuit court of Cook County upon a directed verdict in favor of the defendants, William F. Denniston and Eugene Steiner, at the conclusion of opening statements made by attorneys for the plaintiff and the defendants.

On May 4, 1965, the plaintiff filed a complaint seeking damages for personal injuries sustained, it was alleged, through the negligence of the defendants. The complaint declared that the plaintiff and defendants were operating vehicles in the northbound lane of the Calumet Expressway in Cook County in the vicinity of the Stony Island Avenue exit and that the plaintiff was proceeding directly behind the vehicle of the defendant Denniston. It alleged that the vehicle being driven by the defendant Steiner, which had been proceeding in front of the defendant Denniston's vehicle, stopped, and began backing up. The vehicle driven by the defendant Denniston stopped suddenly, causing the plaintiff to drive into the rear of the Denniston vehicle. The answers of the defendants denied any negligence on their part.

On June 8, 1970, a jury was selected and opening statements by counsel were made. In his opening state-

ment, the plaintiff's attorney told the jury that he expected the evidence to establish that the collision happened between 8:30 and 9:00 A.M. on the day concerned, that it was foggy and raining, that the defendant Denniston was operating a "tanker-type highway truck," that the defendant Steiner was driving a 1968 "Rambler or American Motors Station wagon," and that the plaintiff was driving a tractor-trailer. The plaintiff's attorney stated the evidence would show that the collision occurred when the truck being driven by the plaintiff struck Denniston's truck because of its sudden stop. The jury was told that the evidence would be that the plaintiff saw the brake lights on Denniston's truck come on when he was "approximately seventy feet, maybe a little bit more, behind the truck in front of him, moving at the same speed, somewhere in the neighborhood of 30-32 miles an hour." The plaintiff's expectation was that the evidence would show that the highway was a limited access highway with, it would appear, a 40-mile-per-hour minimum speed requirement; that the plaintiff, a truck driver of 30 years experience, had proceeded from Richfield, Ohio, and that he had made the trip before; that traffic was heavy and that after the collision the Steiner station wagon was parked in an emergency lane, approximately 75 to 80 feet from the truck of the defendant Denniston.

After opening statements for each party had been made, the defendants moved for a directed verdict on the ground that the statement of facts in the opening argument of the plaintiff's counsel showed the plaintiff to have been guilty of "contributory negligence as a matter of law." It was contended that the plaintiff in the exercise of reasonable care should have been able to stop his vehicle before it collided with the truck being driven by Denniston. Opposing the motion, the plaintiff argued that assertions in an opening statement are not evidence and, therefore, cannot be the ground for a directed verdict. The trial judge then asked to be furnished with photographs of

the scene of the accident and the report made by the investigating police officer. The plaintiff's response to the court's request was that the photograph and report could not properly be considered with the motion of the defendants at that stage in the proceedings, but that the plaintiff would furnish the materials for the judge's examination if ordered to do so. When the trial court declined to order the materials to be presented, the plaintiff refused to turn them over to the court. The court asked the plaintiff to cite authority that he could not "recognize" the defendant's motions, to which the reply was that the motions could be "recognized" but the plaintiff could not be asked to produce evidence. The judge then directed a verdict in the defendants' favor.

The plaintiff challenges the authority of the trial court to grant the defendants' motion for a directed verdict on the basis of the plaintiff's opening statement. Specifically, he argues that it was for the jury to determine whether he had been contributorily negligent, and that directing a verdict deprived him of a right to have the jury determine that question under sections 5 and 2 of article II of the 1870 constitution of Illinois and under the 5th, 7th and 14th amendments to the constitution of the United States. Also, the plaintiff says, the trial court in deciding as it did failed to follow this court's holding in *Pietsch v. Pietsch, 245 Ill. 454.* There it was adjudged reversible error for a trial judge, in a forcible detainer case, to direct a verdict in the plaintiff's favor on the basis of the opening statement made by the defendant's counsel.

The defendants acknowledge if the question on this appeal is to be governed by *Pietsch,* reversal is required, but they urge that we turn away from that holding. The view in *Pietsch* was expressed more than six decades ago and since that holding a majority of courts which have considered the question permit, it is said, a directed verdict on the basis of factual admissions when made in an opening statement. Our attention is invited to favorable

case authority, including *Best v. District of Columbia, 291 U.S. 411, 78 L. Ed. 882, 54 S. Ct. 487,* and cases collected and discussed in 5 A.L.R.3d 1405, 1412-1417.

This court has decided: "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co., 37 Ill.2d 494, 510.*) Though in *Best v. District of Columbia, 291 U.S. 411, 415, 78 L. Ed. 882, 885, 54 S. Ct. 487,* the court said:

> "There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover. *** The exercise of this power in a proper case is not only not objectionable, but is convenient in saving time and expense by shortening trials. [Citation.]"

The court then cautioned:

> "But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. Where uncertainty arises either from a conflict of testimony or because, the facts being undisputed, fair-minded men may honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury."

We also have held that a party is not confined, so far as his right to introduce evidence is concerned, to the outline of evidence presented in his opening statement. *Pietsch v. Pietsch, 245 Ill. 454; Lusk v. Throop, 189 Ill. 127.*

We need not consider whether there may be circumstances where a trial court might properly direct a verdict on the basis of an opening statement, for here a jury's determination was necessary on the question of contribu-

tory negligence. We do not judge as we put it in *Pedrick* that " *** all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

In view of our ground for disposition it will not be necessary to consider the significance of the trial court's request for photographs and the investigating officer's report.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views we have expressed.

*Reversed and remanded.*