THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE PALIEMAR *et al.*, Defendants-Appellants.

Third District   No. 3—84—0507

Opinion filed April 25, 1985.

Shelley A. Bannister, of Bannister & Byrne, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Kathryn A. Spalding, Assistant Attorney General, both of Chicago, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:
Appellant, Mara Siegel, appeals from an order for payment of fees of the circuit court of Will County. Siegel, an attorney, was appointed

to represent two criminal defendants, Dennis Williams and Jose Paliemar, charged with offenses that arose from a hostage-taking incident at Stateville Correctional Center. Williams' case was dismissed and Paliemar was subsequently tried and acquitted of all charges except unlawful restraint. He was sentenced on January 18, 1983. Siegel filed her petition (later amended) for legal fees on January 13, 1983. The trial court entered an order for payment of fees on February 6, 1984. Siegel filed a motion to clarify on May 9, 1984, which was denied May 31, 1984. Siegel appeals from that denial and from the fee order itself.

Supreme Court Rule 303(a) states, *inter alia*, that "notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last-pending post-trial motion." (94 Ill. 2d R. 303(a).) A post-trial motion is timely if it is "filed within 30 days after the entry of judgment ***, or within any further time the court may allow within the 30 days or any extensions thereof." Ill. Rev. Stat. 1983, ch. 110, par. 2—1202(c).

In the instant case, the judgment awarding Siegel attorney fees was entered on February 6, 1984. Her post-trial motion was not filed until May 9, 1984, and was not ruled upon until May 31, 1984. Pursuant to statute, the trial court lacked jurisdiction to rule on the post-trial motion because it was filed more than 30 days after judgment was entered. Therefore, notice of this appeal had to have been filed within 30 days from February 6, 1984. The record discloses that this appeal was filed on June 27, 1984. We, therefore, lack jurisdiction to consider the merits of the issues raised by Siegel, because her appeal was not timely filed.

Siegel argues that her failure to file anything within the statutory period was due to the delay and purposeful procrastination of the Department of Corrections and, further, that Judge Orenic and his order of May 31, 1984, declared that order to be the final order for the purpose of appeal. Neither of these arguments is sufficient to negate the express language of the statute and rule. Because Siegel neither filed a notice of appeal nor an appropriate motion within 30 days from February 6, 1984, her appeal is barred.

For the foregoing reasons the appeal is dismissed.

Appeal dismissed.

HEIPLE, P.J., and BARRY, J., concur.