LUCILLE JACKSON, Plaintiff-Appellant, v. PAUL NAFFAH *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—92—0197

Opinion filed February 5, 1993.

Mark F. Kemper, of Dombrowski & Sorensen, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Richard L. Murphy, and Susan Condon, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

A medical malpractice action was brought by plaintiff Lucille Jackson (Jackson) against Dr. Paul Naffah (Naffah) and Dr. Salim Saab (Saab). A jury verdict was rendered in favor of defendants, judgment was entered on the verdict and the trial court denied plaintiff's post-trial motion for a new trial. Jackson now appeals, raising three issues: (1) whether an instruction given to the jury led the jury to believe that it was to disregard all of the testimony presented by plaintiff's medical expert, (2) whether the trial court erred when it found that the reputation witness plaintiff proffered was not qualified to testify concerning Dr. Saab's reputation for truth and veracity, and (3) whether the trial court erred by barring plaintiff from attempting to impeach Dr. Saab's credibility using a specific instance of prior misconduct.

We are first met with a motion to dismiss the appeal or summarily affirm the judgment of the trial court, which was filed by defendants and which this court has agreed to consider with the case. In this motion defendants contend that plaintiff has either failed or refused to provide this court with the entire transcript of the trial proceedings and that the segments of the proceedings which plaintiff has submitted fail to apprise this court of all of the evidence pertinent to the issues on appeal, as required by Supreme Court Rule 323(a). (134 Ill. 2d R. 323(a).) Defendants also complain that plaintiff's brief is deficient pursuant to Supreme Court Rule 342(a) (134 Ill. 2d R. 342(a)), because

it fails to make proper reference to the record, contains no appendix with a table of contents for the record and includes no copy of the order appealed from. For these reasons defendants ask this court to strike plaintiff's brief and dismiss the appeal or summarily affirm the trial court.

Although we find dismissal of the appeal too harsh a sanction for failure to meet with the requirements of Rule 342(a) (*In re Estate of Jacobs* (1989), 189 Ill. App. 3d 625, 629, 545 N.E.2d 502), as we will explain below, the lack of a sufficient record causes us to affirm the trial court's judgment.

Plaintiff does not deny that she has provided this court with a piecemeal record of the proceedings below, presenting only those isolated portions of the transcripts which, in her counsel's opinion, illustrate the errors she alleges to have occurred. Plaintiff's response to defendants' motion is a charge that defendants waived objection to the "abbreviated report of proceeding" by failing to supplement the record with whatever materials or transcripts they deemed necessary. Plaintiff cites no case law for this waiver theory and refers only to Supreme Court Rule 323(a).

■■ Although Rule 323(a) does provide that an appellee *"may serve on the appellant a designation of additional portions of the proceedings that the appellee deems necessary for inclusion in the report of the proceedings"* (emphasis added) (134 Ill. 2d R. 323(a)), the onus is on the party seeking review to present a sufficient record of the proceeding to show the error of which that party complains. (*In re Estate of Jacobs*, 189 Ill. App. 3d at 629.) If a complete record is not made available, the reviewing court must presume that the trial court's judgment conformed to the law and had a sufficient factual basis. *Salazar v. Wiley Sanders Trucking Co.* (1991), 216 Ill. App. 3d 863, 576 N.E.2d 552.

■■ As appellant's counsel (in this case Jackson's counsel) should be aware, trial error does not occur in a vacuum and the ultimate issue a reviewing court must decide is not merely whether error occurred, but whether any error that occurred unfairly prejudiced the appellant's position, thereby denying appellant a fair trial. To make such a determination it is often necessary for the reviewing court to consider the alleged error in the context of the entire proceeding. This is the reason that an appellant generally presents a complete transcript of the proceedings below. By supplying the reviewing court with a full report of the trial proceedings, the court will be able to fairly review the matters presented for its consideration.

There is one exception to this rule. The absence of a complete record will not bar appellate review when the issues raised on appeal are solely issues of law. (*Leary v. Eng* (1991), 214 Ill. App. 3d 279, 573 N.E.2d 352.) This exception does not apply in the case currently before this court. The issues raised by Jackson in this appeal are not solely issues of law. At the very least, plaintiff's issues, which deal with instruction of the jury and admission of evidence, are combined questions of law and fact. Such issues require a complete transcript of the proceedings so that this court may determine whether the trial court abused the broad discretion it has when deciding these matters. Consequently, we find that the record supplied to this court is inadequate to support plaintiff's claims of error. For this reason we must grant defendants' motion to summarily affirm the trial court's judgment.

■ The first issue raised by plaintiff concerns an instruction given to the jury which informed the jury that it should disregard two of the opinions expressed by plaintiff's expert, Dr. Silverman, and that those two opinions were "no longer part of the case." We note that plaintiff does not find fault with the trial court's ruling that these two opinions deviated from Dr. Silverman's deposition testimony and, therefore, should have been removed from the case pursuant to Supreme Court Rule 220. Rather, plaintiff complains that the trial court's acceptance of defendants' proffered instruction on this matter over plaintiff's proffered instruction was error and that the instruction, as given, misled the jury and caused it to assume that all of Dr. Silverman's testimony was to be disregarded.

First of all, there is no way for this court to determine whether the language in the instruction proffered by plaintiff would have been superior to the language utilized in defendants' instruction since plaintiff's instruction is not contained within the excerpt of the transcript of the proceedings on this issue. We do know that defendants' counsel objected to the plaintiff's instruction, arguing that it implied that the opinions were sound but merely being struck for some technical reason.

The record also reveals that, as discussion of the matter continued, plaintiff's counsel suggested that the court should indicate to the jury that the jury was "not to disregard the rest of Dr. Silverman's opinions" or that "only the following two opinions" were to be disregarded. Along those same lines, Jackson claims on appeal that the instruction "could easily have been made clearer by adding a sentence that the other opinions expressed by Dr. Silverman were still a part of the case." We disagree.

When a case is being tried before a jury, the trial court has a duty to maintain an appearance of complete neutrality, taking care not to suggest favor or disfavor toward any party or indicate an opinion on the evidence by his conduct or remarks. (*Pavilon v. Kaferly* (1990), 204 Ill. App. 3d 235, 561 N.E.2d 1245.) In this case the jury had already heard evidence that should not have been presented and that was prejudicial to the defendants. The trial court had a duty to remove the improper evidence from the jury's consideration. For this reason we believe that the trial court correctly rejected the instructions proposed by plaintiff. The jury, as finder of fact, is free to accept or reject any evidence presented to it. Any instruction to the jury that would imply or infer that it was *not* to disregard certain evidence would be tantamount to the court giving special weight to that evidence.

Furthermore, *Thompson v. Abbott Laboratories* (1990), 193 Ill. App. 3d 188, 549 N.E.2d 1295, the only case cited to by Jackson, undercuts plaintiff's position. *Thompson* states that jury instructions must be impartial and refrain from overemphasizing any particular matter. But more importantly, *Thompson* stands for the proposition that the standard for reviewing the trial court's exercise of discretion on a particular instruction is whether the jury instructions, taken as a whole and in series, fairly apprise the jury of the applicable legal principles. (193 Ill. App. 3d at 200.) This is a determination that this court cannot make because, as noted above, we do not have a complete record before us. Without the entire record we are unable to determine whether plaintiff was denied a fair trial because of this single instruction or whether the jury was fairly apprised of the legal principles presented for its consideration.

As an aside we note, however, that the instruction complained of by plaintiff was given shortly after Dr. Silverman's testimony. The trial continued after that and it would seem that plaintiff's counsel would have been free to clarify for the jury what opinions of Dr. Silverman were still a part of the case. Whether plaintiff availed herself of this opportunity is not apparent from the record we have before us.

Plaintiff's next two issues on appeal concern the trial court's rulings on motions *in limine* which prevented plaintiff from introducing certain reputation and impeachment evidence which plaintiff sought to present against Dr. Saab at trial. We wish to emphasize here that the trial court did not bar plaintiff from presenting reputation or impeachment evidence but only barred the particular reputation witness tendered by plaintiff and the method by which plaintiff sought to im-

peach Dr. Saab, *i.e.*, by introducing a prior instance when Dr. Saab was alleged to have been untruthful.

In this case the record contains an excerpt of the trial wherein plaintiff made an offer of proof, producing the witness she hoped to introduce concerning Dr. Saab's reputation for truth and veracity. This witness, Mr. Albert Friedman, was an attorney who had unsuccessfully represented another plaintiff in a different lawsuit against Dr. Saab. Mr. Friedman testified that his knowledge of Dr. Saab's reputation was gleaned from conversations he heard and participated in during a Christmas party in 1989, nearly two years prior to the trial in this case.

Although a witness may be impeached by showing his general reputation for truth and veracity in the community in which he lives, a proper foundation for the reputation testimony must be made by showing that the reputation witness has adequate knowledge of the person sought to be impeached and that the reputation evidence is not merely the personal opinion of the witness. (*In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872.) Friedman's testimony during the offer of proof indicated that he had minimal knowledge of Saab's reputation and, more than likely, the opinion he expressed was his own.

Furthermore, as stated in *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.* (1991), 224 Ill. App. 3d 559, 578, 586 N.E.2d 600, the test of an *in limine* ruling is whether the circuit court abused its discretion by excluding or allowing the evidence and, if so, whether the party suffered unfair prejudice or the exclusion or admission of the evidence materially affected the outcome of the case. As a general rule the trial court has wide latitude when deciding what evidence may be admitted at trial and must balance the prejudice that might be avoided if it grants the motion against the complication or inconvenience that would result if the motion is denied. (*Congregation of Passion*, 224 Ill. App. 3d at 578.) A circuit court's decision will not be reversed absent an abuse of discretion. *Behrstock v. Ace Hose & Rubber Co.* (1986), 147 Ill. App. 3d 76, 496 N.E.2d 1024.

Based upon the above-stated standards, we must affirm the trial court's decision to exclude the reputation and impeachment evidence plaintiff proffered. Even if it were to appear to this court from the record available that the reputation evidence and impeachment evidence was improperly excluded (an opinion this court does not mean to infer or imply), we would be unable to determine whether the exclusion of the evidence unfairly prejudiced plaintiff, materially affected the outcome of the case, or was harmless since plaintiff has not

submitted the entire transcript of the trial proceedings. Consequently, we are unable to review plaintiff's claim of error.

Accordingly, we affirm the verdict and judgment in this case.

Affirmed.

GORDON, P.J., and COUSINS, J., concur.