YURI CHERNY *et al.*, Plaintiffs-Appellants, v. THELMA FUENTES *et al.*, Defendants (Thelma Fuentes, Defendant-Appellee and Separate Appellant; Boris Stulov, Defendant-Appellee and Separate Appellee).

First District (2nd Division)   Nos. 1—93—3629, 1—93—4361, 1—94—0135 cons.

Opinion filed April 18, 1995.

Boris Parad & Associates, P.C., of Skokie (Boris Parad and Thomas M. O'Connell, of counsel), for appellants.

Querrey & Harrow, Ltd., of Chicago (James W. Fessler and Michael Resis, of counsel), for Thelma Fuentes.

Stern & Rotheiser, of Chicago (Michael G. Hultquist, of counsel), for Boris Stulov.

JUSTICE DiVITO delivered the opinion of the court:

This is a personal injury action arising out of an automobile accident. At the first trial, a directed verdict was entered against one of the plaintiffs as regards both defendants, and later the jury was unable to reach a verdict regarding the other plaintiffs, resulting in a mistrial. At the second trial, a directed verdict was entered in favor of one of the defendants against both remaining plaintiffs, and later

the jury was unable to reach a verdict regarding the other defendant. At both trials, the courts refused to enter an order vacating the directed verdicts following the declarations of mistrial. These appeals followed the second court's granting of Supreme Court Rule 304(a) language. (134 Ill. 2d R. 304.) For reasons that follow, we affirm in part and reverse in part.

On December 15, 1987, Thelma Fuentes and Boris Stulov (defendants) were involved in an automobile accident at the intersection of Devon Avenue and Lemay Street in Chicago. Yuri Cherny, Svetlana Cherny, and Serge Cherny (plaintiffs) were passengers in Stulov's vehicle. On June 21, 1988, plaintiffs filed their complaint against defendants.[1] On September 1, 1988, defendant Fuentes filed her answer denying all material allegations of the complaint regarding her alleged negligence. On March 9, 1989, defendant Stulov filed his answer, also denying all material allegations regarding his alleged negligence. On the same day, Stulov filed a contribution counterclaim against Fuentes.

The case proceeded to trial on June 7, 1993. On that date, the circuit court entered a directed verdict in defendants' favor against plaintiff Serge Cherny. In denying a motion for reconsideration, the court stated that plaintiff Serge Cherny had been instructed to be in court pursuant to a Rule 237 notice; that he did not appear in court to testify on his own behalf or offer any excuse; that he had never been deposed; that defendants had a right to cross-examine him regarding his injuries; that the evidence presented on his behalf was not enough to establish that he was injured; and that the directed verdict entered against him the previous day would stand.

Following the presentation of evidence and closing arguments, the jury was deadlocked and the court declared a mistrial.

The action proceeded to trial a second time on August 17, 1993. On that date the court entered an order denying plaintiffs' motion to vacate the directed verdict entered against Serge Cherny at the first trial. On August 17, 1993, plaintiffs' counsel made his opening state-

---

[1]Plaintiffs also filed against 303 Cab Association. On August 30, 1988, Stulov filed a complaint against Fuentes. This action was consolidated with plaintiffs' action. On November 29, 1989, Matilde Fuentes, Pedro Fuentes, and Remedios Pamintuan filed a complaint against Fuentes and Stulov. This action was consolidated with plaintiffs' action and Stulov's action on April 6, 1990. On June 3, 1993, Stulov's action was settled and dismissed with prejudice. The same day, Matilde Fuentes, Pedro Fuentes, and Remedios Pamintuan's action was voluntarily dismissed without prejudice. Plaintiffs' action against Fuentes and Stulov and Stulov's counterclaim against Fuentes are the only actions germane to this appeal.

ment. Counsel stated, among other things, that Fuentes suddenly moved into the right lane in front of Stulov's vehicle; that Stulov "had no chance at all to move to the right or to the left"; that Stulov "simply crashed at a speed of 25 to 35 miles per hour"; and that Stulov "hit his brake but there was no way he could avoid the collision." Stulov's counsel moved for a directed verdict based on plaintiffs' counsel's opening statement, but the court denied the motion.

At the close of all the evidence, Stulov's counsel asked the court to reconsider its prior ruling denying his motion for a directed verdict based on plaintiffs' counsel's opening statement. On August 25, 1993, the court did so and vacated its prior ruling and directed a verdict in Stulov's favor against plaintiffs. On August 27, 1993, the jury having deadlocked, the court declared a mistrial and denied the joint oral motion of plaintiffs and Fuentes to vacate all orders entered at the second trial.

On September 9, 1993, plaintiffs filed a post-trial motion to vacate all orders entered at the first trial, and a brief in support thereof. The court denied the motion on September 13, 1993. On October 6, 1993, the court entered an order finding that the directed verdict entered against Serge Cherny on June 7, 1993, and the order of September 13, 1993, denying the plaintiffs' post-trial motion to vacate all orders entered at the first trial were final and appealable and that there was no just reason to delay enforcement or appeal of those orders. On October 12, 1993, plaintiffs filed their notice of appeal from these orders.

On September 9, 1993, plaintiffs also filed a post-trial motion for reconsideration of the order of August 27, 1993, denying their oral motion to vacate all orders entered at the second trial, and a brief in support thereof. The court denied this motion on November 22, 1993, and entered Rule 304(a) language. On December 9, 1993, plaintiffs filed their second notice of appeal from these orders.

On December 22, 1993, defendant Fuentes filed her notice of separate appeal from the order of August 25, 1993, entering a directed verdict for Stulov against plaintiffs, and from the order of August 27, 1993, denying the joint oral motion of plaintiffs and Fuentes to reconsider and vacate all orders entered at the second trial. The appeals were consolidated by this court.

I

Plaintiffs first assert that the circuit court improperly directed a verdict against Serge Cherny in the first trial. They argue that compelling the appearance of a party litigant is a matter for the sound discretion of a court rather than a mandatory requirement. In this

case, there was no objection to the introduction of medical evidence, and the court allowed plaintiffs' counsel to introduce evidence on Serge Cherny's behalf without mandating his appearance. Plaintiffs argue that because he was a passenger, there is no issue as to his liability, and that after the allowed testimony the only issue for the jury to determine was the amount of damages to award.

Defendants respond that Serge Cherny has not provided an adequate record for this court's review and, in the absence of such a record, the judgment of the circuit court must be presumed correct. Plaintiffs reply that they did in fact provide an adequate record for review. They argue that the record provided includes the judge's orders, plaintiffs' motions, and defendants' responses, as well as a complete statement of the judge's reasons for directing a verdict.

■ It is the duty of the appellant to provide an adequate record for the appellate court. (*Higgins v. Columbia Tool Steel Co.* (1979), 76 Ill. App. 3d 769, 776, 395 N.E.2d 149, 154.) If the record provided does not constitute an adequate basis for a determination of the propriety of the circuit court's judgment, then the judgment is presumed correct and the circuit court must be affirmed. *Jackson v. Naffah* (1993), 241 Ill. App. 3d 1043, 1045, 609 N.E.2d 958, 960.

■ Although it is true that Supreme Court Rule 323(a) provides that an appellee "may serve on the appellant a designation of additional portions of the proceedings that the appellee deems necessary for inclusion in the report of proceedings" (134 Ill. 2d R. 323(a)), and neither of the appellees here supplemented the record when given the opportunity, it is the appellants who bear the burden. The language of Supreme Court Rule 323(a) is permissive, not obligatory.

■ A motion for a directed verdict is properly granted and an issue is properly removed from the jury's consideration when all of the evidence, viewed in the light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14; *Prudential Insurance Co. v. Romanelli* (1993), 243 Ill. App. 3d 246, 251, 612 N.E.2d 24, 27.) In reviewing the granting of a directed verdict, then, the appellate court must consider all of the evidence.

In order to do so, the record on appeal must contain all of the evidence. The record in this case is completely devoid of any of the evidence presented at the first trial. All that is provided is an excerpt of the report of proceedings of June 8, 1993, consisting entirely of the trial judge's discussion of the directed verdict. This is insufficient.

Following the holding in *Jackson*, this court presumes "that the trial court's judgment conformed to the law and had a sufficient

factual basis." (*Jackson*, 241 Ill. App. 3d at 1045, 609 N.E.2d at 960.) We therefore affirm the circuit court's granting of a directed verdict against Serge Cherny in the first trial.

## II

### A

Plaintiffs next assert that the circuit court improperly allowed the directed verdict against Serge Cherny to stand after the remainder of the case resulted in a hung jury and a mistrial. They argue that the law is very clear that a mistrial results in the nullification of the court's orders made during the trial; a mistrial is equivalent to no trial at all. Defendants respond that the declaration of a mistrial as to the other plaintiffs cannot have any effect on the directed verdict against Serge Cherny. They argue that the mistrial here is not logically related to anything previously decided by the trial judge and therefore must stand.

Additionally, defendant Fuentes argues that plaintiffs waived this issue by failing to move to vacate all orders entered at the first trial when the mistrial was declared and by failing to file their post-trial motion in a timely manner. Plaintiffs reply that there was no need to do either, because: (1) all orders were erased by operation of law upon the declaration of a mistrial, so there was no need to file a motion to vacate; and (2) the order granting the directed verdict did not become final and appealable until October 6, 1993, so there was no need to file a post-trial motion within 30 days of the declaration of mistrial. Further, plaintiffs claim that because defendants did not raise the waiver issue before the trial court, they have waived it on appeal.

■ Section 2—1202(c) of the Illinois Code of Civil Procedure (735 ILCS 5/2—1202(c)) provides in pertinent part:

> "Post-trial motions must be filed within 30 days after *** the discharge of the jury, if no verdict is reached, or within any further time the court may allow within the 30 days or any extensions thereof." (735 ILCS 5/2—1202(c) (West 1992).)

The failure to file a post-trial motion in a timely fashion deprives the circuit court of jurisdiction to entertain the motion, and the issues contained in a late-filed post-trial motion are not properly preserved for appeal. See, *e.g.*, *People v. Paliemar* (1985), 132 Ill. App. 3d 830, 831, 477 N.E.2d 752, 753; *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 723-25, 369 N.E.2d 1346, 1349-50.

■ In this case the jury was deadlocked, the circuit court declared a mistrial, and the jury was discharged on or about June 8, 1993. Without making a motion at that time, plaintiffs filed a post-trial mo-

tion to vacate all orders entered at the trial 93 days later, on September 9, 1993. They did not request an extension of time to file their post-trial motion, and the record does not contain an order granting an extension of time within 30 days of the discharge of the jury, as required by the statute.

Plaintiffs' arguments that they were simply waiting for the matter to be set for trial again and that whether they filed their post-trial motion within 30 days of the mistrial order is irrelevant are not persuasive. The statute specifically covers the circumstances of this case, and plaintiffs failed to meet the requirements of the statute. They did not file their post-trial motion within 30 days of the discharge of the jury, and the court did not grant them an extension. This issue is waived.

B

Plaintiffs and defendant Fuentes also argue that the directed verdict entered for defendant Stulov during the second trial should have been vacated when the second trial also ended with a hung jury and a mistrial. Because we find that the order was not properly entered, however (see III below), we do not reach this issue. If the order had been properly entered, we would have affirmed the judgment of the circuit court.

Plaintiffs correctly cite *Haywood v. Swift & Co.* (1964), 53 Ill. App. 2d 179, 202 N.E.2d 880, for the proposition that a mistrial results in the nullification of the court's orders made during the trial; *Smock v. Williamson* (1967), 80 Ill. App. 2d 218, 223 N.E.2d 741, for the proposition that the declaration of a mistrial vitiates all orders which cannot bar further litigation even under the doctrine of estoppel; and *People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239, for the proposition that upon declaration of a mistrial all previous trial proceedings are erased. They incorrectly assert, however, that *Papageorgiou v. F.W. Woolworth Co.* (1978), 66 Ill. App. 3d 873, 383 N.E.2d 1346, stands for the proposition that all court orders, including rulings and orders on motions *in limine* and motions for directed verdicts, are nullified by a circuit court's declaration of a mistrial. The appellate court in that case merely stated that "[a] mistrial vitiated all prior proceedings and in legal effect was equivalent to no trial at all." (*Papageorgiou*, 66 Ill. App. 3d at 879, 383 N.E.2d at 1351.) The distinction is important.

Plaintiffs contend that the decision in *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 482 N.E.2d 1014, should be controlling. In *Lakemoor*, a mandatory injunction was issued against the defendant after a bench trial. Subsequently, the defendant accused

the judge of bias. The judge recused himself and declared a mistrial. On appeal, the court held that the mandatory injunction was vitiated by the mistrial declaration. Therefore, a subsequent contempt order based upon the mandatory injunction was also vitiated. Following the previously cited line of cases, the appellate court in *Lakemoor* stated:

> "A mistrial vitiates all prior proceedings and, in legal effect, is equivalent to no trial at all. [Citations.] The previous trial proceedings are completely erased as if they had never taken place, and both the parties and the case are returned to the pretrial stage." *Lakemoor*, 136 Ill. App. 3d at 39, 482 N.E.2d at 1017.

■ The difference between this case and all the cases plaintiffs have cited, including *Lakemoor*, is that in each of those cases, the orders vitiated are from the cases of the parties to whom the mistrial applies. In this case, on the other hand, the order plaintiffs seek to void is from the case of a party to whom the mistrial does not apply. When the directed verdict for defendant Stulov was entered, it constituted a final judgment against the plaintiffs. That judgment was not affected by what later happened in the trial of the remaining defendants. It would not have been affected if they had prevailed; it would not have been affected if they had lost. It was not affected when a mistrial was declared in the cases of the other defendants. Defendant Stulov was not affected by the mistrial, because it did not apply to his case. The order entering the directed verdict for defendant Stulov was not vitiated by the mistrial. We would therefore have affirmed the circuit court's September 13, 1993, denial of the motion to vacate all orders entered at the second trial if the order directing a verdict in favor of defendant Stulov had been properly entered.

### III

Plaintiffs and defendant Fuentes next assert that the circuit court incorrectly directed a verdict in favor of defendant Stulov at the close of evidence based either on alleged admissions contained in plaintiffs' counsel's opening statement or on the evidence presented. They argue that, as a general rule, a trial court in Illinois may not enter a directed verdict based solely upon an opening statement in a civil action, and none of the exceptions apply in this case. Further, plaintiffs and defendant Fuentes argue that the evidence presented, when viewed in the light most favorable to plaintiffs, did not so overwhelmingly favor defendant Stulov that no contrary verdict could ever stand.

Defendant Stulov responds that plaintiffs' counsel made a clear admission of material fact in opening statement that was binding on plaintiffs. He argues that the court may direct a verdict based upon admissions made in an opening statement so long as those admissions satisfy the circumstances required for any directed verdict. He contends that what the testimony may or may not have shown is irrelevant, because all questions of fact regarding Stulov's liability were resolved by the admissions made in the opening statement.

■ Generally speaking, an Illinois court may not enter a directed verdict based solely on an opening statement in a civil action. *Pietsch v. Pietsch* (1910), 245 Ill. 454, 456-60, 92 N.E. 325, 326-27; *Lazarus v. Hagensick* (1972), 8 Ill. App. 3d 126, 128, 289 N.E.2d 237, 239; *Petersen v. General Rug & Carpet Cleaners, Inc.* (1947), 333 Ill. App. 47, 56, 77 N.E.2d 58, 63; *Reilly v. Peterson Furniture Co.* (1942), 314 Ill. App. 46, 51, 40 N.E.2d 780, 782; *Sun Oil Co. v. Garren* (1931), 261 Ill. App. 513, 516-22; see also *Blanton v. Denniston* (1973), 54 Ill. 2d 1, 4-6, 294 N.E.2d 283, 285.

Our supreme court stated in *Pietsch*:

> "The argument that a court may direct a verdict, not upon the evidence or the want of evidence but upon the statement of an attorney, rests mainly upon the power of an attorney to make admissions binding upon his client and to waive his rights. *** That the opening statement to the jury cannot be treated as an admission of facts binding upon the client was decided in *Lusk v. Throop* [(1901)], 189 Ill. 127[, 59 N.E. 529], where the refusal of an instruction that any statement made by the attorney for the plaintiffs in his opening statement, about what the evidence would show, was as binding upon the plaintiffs as if the plaintiffs themselves had made such statement, and as such should be considered by the jury in making their verdict, was endorsed by this court. If the jury could not treat statements of an attorney, in his opening statement, as to what the evidence would show as admissions of fact binding on the client and consider the same in making up their verdict, the same rule must necessarily be applied to the court ***." *Pietsch*, 245 Ill. at 457-58, 92 N.E. at 326.

The court went on to state:

> "The law is the same in Wisconsin. (*Fisher v. Fisher* [(1856)], 5 Wis. 472; *Haley v. Western Transit Co.* [(1890)], 76 [Wis.] 344[, 45 N.W. 16].) The same argument was made to the Wisconsin court that is made here,—that it would be convenient and conduce to the speedy administration of the law and justice to permit the court to decide the case upon an opening statement; but while that was conceded by the court, the practice was considered too dangerous to the rights of clients to be sanctioned. It is undoubtedly true that the method adopted in this case would be expedi-

tious, and if there were no omissions or defects in the statement, and it was certain that the evidence would turn out in accordance with it, the court might be enabled to do justice; but it would be a still more expeditious method and equally conduce to the ends of justice for the court to call up the attorneys and examine them and decide the case on what they say before calling a jury, whereby much time, labor and expense would be saved. But if parties have a right to a trial by jury of the issues made by the pleadings, the verdict must rest upon evidence or want of evidence and not upon opening statements." *Pietsch*, 245 Ill. at 458-59, 92 N.E. at 326.

The United States Supreme Court has stated, however:

"There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover. \*\*\* The exercise of this power in a proper case is not only not objectionable, but is convenient in saving time and expense by shortening trials. [Citation.]" *(Best v. District of Columbia* (1934), 291 U.S. 411, 415, 78 L. Ed. 882, 885, 54 S. Ct. 487, 489.)

The court then cautioned:

"But the power is not properly exercised if the opening statement leaves doubt as to the facts or permits conflicting inferences. Where uncertainty arises either from a conflict of testimony or because, the facts being undisputed, fair-minded men may honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury." *Best*, 291 U.S. at 415, 78 L. Ed. at 885, 54 S. Ct. at 489.

Under certain circumstances in Illinois, such a directed verdict may be entered. These circumstances include:

"if it should appear from the opening statement that [the civil action] is brought to obtain compensation for acts which the law denounces as corrupt or immoral, or declares to be criminal, such as attempts to bribe a public officer, to evade the revenue laws, or to embezzle the public funds." *(Sun Oil*, 261 Ill. App. at 518.)

Otherwise, directed verdicts based on opening statements are prohibited in Illinois by our supreme court's 1910 holding in *Pietsch*.

The Illinois Supreme Court declined to change the rule in 1973. In *Blanton*, the court stated:

"We need not consider whether there may be circumstances where a trial court might properly direct a verdict on the basis of an opening statement, for here a jury's determination was necessary on the question of contributory negligence. We do not judge as we put it in *Pedrick* that '\*\*\* all of the evidence, when viewed

in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.' " (*Blanton*, 54 Ill. 2d at 5-6, 294 N.E.2d at 285.) Although our supreme court may choose to change the rule at some future time, defendant Stulov is mistaken when he asserts that a trial court in Illinois at present can enter a directed verdict based upon admissions made in an opening statement in the same way that it can enter any other directed verdict.

■ In this case, the court first denied a motion for a directed verdict based upon plaintiffs' opening statement, but it later reconsidered and reversed itself. Because plaintiffs' action against defendants was not brought to obtain compensation for acts which the law denounces as corrupt or immoral, or declares to be criminal, and plaintiffs' counsel's opening statement did not create the appearance that plaintiffs' action was brought to obtain compensation for such acts, the court erred when it directed a verdict for Stulov against plaintiffs based upon remarks made during plaintiffs' counsel's opening statement.

Moreover, if the court based its entering of a directed verdict for Stulov against plaintiffs upon the evidence presented, it erred in doing so. The evidence presented when viewed in the light most favorable to plaintiffs does not so overwhelmingly favor Stulov that no contrary verdict can stand. (See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14; *Prudential Insurance Co. v. Romanelli* (1993), 243 Ill. App. 3d 246, 251, 612 N.E.2d 24, 27.) The conflicting testimony at trial of defendants Stulov and Fuentes makes it entirely possible that the jury could have returned a verdict against Stulov.

We therefore reverse the circuit court's entry of a directed verdict in favor of defendant Stulov against plaintiffs and remand the cause for a new trial as to both defendants.

Affirmed in part and reversed in part.

SCARIANO, P.J., and HARTMAN, J., concur.