PATRICK LEARY, as Adm'r of the Estate of Benjamin Leary, Plaintiff-Appellant and Cross-Appellee, v. KINMO KENNETH ENG, Defendant-Appellee and Cross-Appellant (M.A. Sachani, Defendant-Appellee).

Second District   No. 2—90—0916

Opinion filed June 5, 1991.

Stephen A. Frew, of Frew & Gilbert, Ltd., of Rockford, for appellant.

Edward M. Maher, of Clark, McGreevy & Johnson, P.C., and Gregory E. Barrett, of Schlueter, Ecklund, Olson, Barrett & Moore, both of Rockford, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Patrick Leary, as administrator of the estate of Benjamin Leary, a deceased minor, appeals from the trial court's denial of his post-trial motion subsequent to a jury verdict in favor of defendants, Dr. Kinmo Eng and Dr. M.A. Sachani. On appeal, plaintiff argues the trial court erred by not allowing a treating physician to testify as to the standard of care required and by refusing to provide the jury with certain instructions. Defendant cross-appeals from the trial court's order assessing the cost of including additional materials in the record to him. We affirm.

This suit was based upon care given or not given to Benjamin Leary in January 1982. Plaintiff alleged medical malpractice was committed by Rockford Memorial Hospital, Dr. Kinmo Eng, Dr. M.A. Sachani and Spectrum Emergency Care, Inc. During the course of the litigation, both Rockford Memorial Hospital and Spectrum Emergency Care were dismissed as defendants. The case proceeded to trial against the remaining defendants, Dr. Eng and Dr. Sachani.

Plaintiff presented, *inter alia*, testimony from two expert witnesses who opined as to malpractice and the resulting injury to Benjamin. Additionally, plaintiff presented the testimony of Dr. Burton Moore, the Learys' "regular" treating pediatrician. Dr. Moore was not disclosed as an expert witness pursuant to Supreme Court Rule 220. (134 Ill. 2d R. 220.) Dr. Moore testified as to his personal knowledge of Benjamin's condition. However, the court refused to permit Dr. Moore to testify as to the standard of care exercised in emergency rooms and pertaining to pediatricians.

Dr. Eng and Dr. Sachani each testified. Additionally, defendants, *inter alia*, presented expert testimony from four witnesses.

During the instructions conference, plaintiff tendered instructions consistent with Illinois Pattern Jury Instructions, Civil, Nos. 10.01, 10.02, and 10.04 (2d ed. 1971) (hereinafter IPI Civil 2d).

The plaintiff tendered the following instruction based upon IPI Civil 2d No. 10.01:

> "When I use the word 'negligence' in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

The court refused this instruction. Plaintiff also tendered the following instruction based upon IPI Civil 2d No. 10.02:

> "When I use the words 'ordinary care,' I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide."

The court refused to give this instruction. Plaintiff also tendered the following instruction based upon IPI Civil 2d No. 10.04:

> "It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of Benjamin Leary. That means it was the duty of the defendant to be free from negligence."

The court also denied this instruction.

The trial court did give the following instructions based upon IPI Civil 2d No. 105.01:

> "In treating a patient, a doctor must possess and apply the knowledge and use the skill and care that is ordinarily used by reasonably well-qualified doctors in similar case[s] and circumstances. A failure to do so is a form of negligence that is called malpractice.
>
> The only way in which you may decide whether the defendant possessed and applied the knowledge and used the skill and care which the law required of him is from evidence presented in this trial by doctors called as expert witnesses. You must not attempt to determine this question from any personal knowledge you have."

The court also gave the following instruction based upon IPI Civil 2d No. 105.02:

> "In treating a patient, a doctor who holds himself out as a specialist and undertakes service in a particular branch of medical, surgical, or other healing science, must possess and apply the knowledge and use the skill and care which reasonably well-qualified specialists in the same field ordinarily would use in similar cases and circumstances. A failure to do so is a form of negligence called malpractice."

The jury returned verdicts in favor of Dr. Eng and Dr. Sachani. Plaintiff filed a post-trial motion which the court denied. Plaintiff filed a timely notice of appeal claiming the court erred by not allowing Dr. Moore to testify as to the standard of care required and by not giving IPI Civil 2d Nos. 10.01, 10.02 and 10.04.

Plaintiff, when filing his notice of appeal, requested an abbreviated record to be prepared for the appeal. Defendant, Dr. Eng, pursuant to Supreme Court Rule 323(a) (134 Ill. 2d R. 323(a)), requested the inclusion of additional testimony in the record on appeal. Plaintiff objected to the inclusion of this additional evidence, claiming it was unnecessary as the issues on appeal were questions of law. The court allowed the additional information requested to be placed in the record but only at Dr. Eng's expense. Dr. Eng cross-appeals from this decision.

We first address defendants' contention that plaintiff has presented this court with an insufficient record upon which we can find reversible error. Plaintiff counters by arguing the "issues raised \*\*\* on appeal do not address factual issues as a basis for the court's rulings but raise issues of law in procedural rulings of the trial court." Therefore, plaintiff claims a complete record is not necessary for a review of the issues raised.

■ An appellant has the burden to present a sufficiently complete record of the trial proceedings to support a claim of error. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) Without such a record, this court will presume the trial court acted correctly. (*Foutch,* 99 Ill. 2d at 392.) However, if the issue is solely one of law, the absence of a complete record will not bar appellate review. *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 347.

■ Plaintiff's argument to this court is that IPI Civil 2d Nos. 105.01 and 105.02 use the term "negligence" and the principle of ordinary care. IPI Civil 2d Nos. 10.01 and 10.02 define these concepts. Additionally, IPI Civil 2d No. 10.04 sets forth the duty to use ordinary care. Therefore, plaintiff claims it was *mandatory* to give IPI Civil 2d Nos. 10.01, 10.02, and 10.04 in addition to IPI Civil 2d Nos. 105.01 and 105.02. We agree with plaintiff this argument is one of law and does not require a review of the record.

Plaintiff relies solely upon *Thiele v. Ortiz* (1988), 165 Ill. App. 3d 983, to support his position. In *Thiele,* the trial court gave IPI Civil 2d No. 10.01 along with IPI Civil 2d Nos. 105.01 and 105.02. The reviewing court affirmed the trial court, stating the instructions complemented each other, and, since the malpractice instruction includes the term "negligence," the definition of negligence was necessary and proper. *Thiele,* 165 Ill. App. 3d at 995.

We point out *Thiele* did not involve IPI Civil 2d Nos. 10.02 and 10.04. Additionally, while we do not dispute plaintiff's interpretation of *Thiele,* we note a different division of the same appellate court has recently espoused an opposing viewpoint. (See *Roberts v. Sisters of*

*St. Francis Health Services, Inc.* (1990), 198 Ill. App. 3d 891, 903.) In *Roberts,* the trial court refused to submit IPI Civil 2d Nos. 10.01, 10.02 and 10.04 along with IPI Civil 2d Nos. 105.01 and 105.02. The reviewing court affirmed this decision stating, "[t]he trial court properly refused to use these instructions because they misstate the standard of care applicable to a physician in a malpractice suit." (*Roberts,* 198 Ill. App. 3d at 903.) The court concluded, "[t]he refused instructions would have erroneously led the jury to believe that malpractice by a physician could be equated to negligence by a lay person." *Roberts,* 198 Ill. App. 3d at 903.

■ We agree with the position adopted by the court in *Roberts.* IPI Civil 2d No. 105.01 informs the jury that a doctor must use ordinary care as defined by other doctors in similar circumstances. IPI Civil 2d No. 105.01 informs the jury that the failure to use ordinary care results in "a form of negligence that is called malpractice." The important term in this instruction is "malpractice" as that is what plaintiff's complaint is based upon. Malpractice is defined in IPI Civil 2d Nos. 105.01 and 105.02. A definition of negligence is wholly unnecessary in this situation. Additionally, the definition of negligence does not "complement" the definition of malpractice as found by the court in *Thiele.* IPI Civil 2d No. 10.01 sets forth a standard of care based on a reasonable person standard while IPI Civil 2d Nos. 105.01 and 105.02 set forth standards of care based on a reasonable doctor or reasonable specialist standard. These standards are vastly different. Furthermore, IPI Civil 2d Nos. 105.01 and 105.02 render IPI Civil 2d No. 10.04 unnecessary and duplicative as a physician's duty to exercise ordinary care is included in IPI Civil 2d Nos. 105.01 and 105.02. We agree with the court in *Roberts* that, in a malpractice case, it would be error to give IPI Civil 2d Nos. 10.01, 10.02 and 10.04. The trial court did not err by refusing to give these instructions.

Plaintiff next contends it was reversible error for the court to refuse to allow Dr. Moore, a treating physician not disclosed as a Rule 220 (134 Ill. 2d R. 220) expert, to give an opinion on the appropriate standard of care. Defendants again argue the record is insufficient for this court to find reversible error. We agree with defendants.

■ The party seeking reversal has the burden to establish prejudice. (*Greene v. Rogers* (1986), 147 Ill. App. 3d 1009, 1020.) A reversal based upon evidentiary rulings is not warranted unless the error was substantially prejudicial and affected the outcome of the trial. (*Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 1060.) Reviewing a discretionary evidentiary ruling necessitates an examination of the record to determine if substantial prejudice resulted.

See *Woodfield Ford*, 77 Ill. App. 3d at 347; see also *McNames v. Rockford Park District* (1989), 185 Ill. App. 3d 291, 293.

■ Even if it was error to exclude Dr. Moore's opinion testimony, we cannot, from the abbreviated record presented, determine the omission of Dr. Moore's opinion testimony substantially prejudiced the plaintiff and affected the outcome of the trial.

Lastly, we address Dr. Eng's contention on cross-appeal that the court erred in requiring him to pay for the inclusion in the record of certain requested transcripts of proceedings.

Supreme Court Rule 323(a) states "the appellee may serve on the appellant a designation of additional portions of the proceedings that the appellee deems necessary for inclusion in the report of proceedings." (134 Ill. 2d R. 323(a).) Rule 323(a) also states that the appellant can make a motion in the trial court requesting the additional matter be included in the record only if the cost of inclusion is taxed to the appellee. 134 Ill. 2d R. 323(a).

■ Generally, the assessment of costs rests within the sound discretion of the trial court. (See *Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 519; *Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 405.) While we can find no authority specifically dealing with the assessment of costs pursuant to Rule 323, we see no reason to depart from this general principle. The additional evidence requested to be included in the record was not necessary to fully present the questions involved as argued by plaintiff on appeal per Supreme Court Rule 329. (134 Ill. 2d R. 329.) While it may have been necessary to establish prejudice and to resolve the issues in plaintiff's favor, an appellant has every right to lose an appeal due to an insufficient record, without necessarily having to pay for the additional portion of the record designated by the appellee per Rule 323. We cannot determine the trial court abused its discretion by assessing the costs of the inclusion of the additional record to defendant.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER and NICKELS, JJ., concur.