# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Scales v. Benne*, 2011 IL App (1st) 102253

---

| | |
|---|---|
| Appellate Court Caption | SYLVESTER SCALES, Plaintiff-Appellant, v. JOSEPH BENNE, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-2253 |
| Filed | September 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging that plaintiff pedestrian was struck by defendant's vehicle while crossing an intersection, the trial court did not abuse its discretion in barring plaintiff from using photographs of the intersection and defendant's vehicle model on the ground that the photographs were not disclosed pursuant to a discovery request pursuant to Supreme Court Rule 214, where plaintiff did not demonstrate he was prejudiced by the exclusion and the appellate court rejected his argument that Supreme Court Rule 213 exempted the photographs from disclosure if he used them during his cross-examination of defendant as an adverse witness. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-001207; the Hon. Donald J. O'Brien, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Dean J. Caras, of Chicago, for appellant.<br><br>Bruce Farrel Dorn & Associates, of Chicago (Joseph Benne, Ellen J. O'Rourke, and Mark A. Martin, of counsel), for appellee. |

JUSTICE GARCIA delivered the judgment of the court, with opinion.
Presiding Justice R. Gordon and Justice Cahill concurred in the judgment
and opinion.


**OPINION**

¶ 1        A jury returned a no-liability verdict regarding an accident in which the plaintiff, a
pedestrian, claimed he was struck by the defendant's car while crossing the intersection of
Clybourn and North Avenue in Chicago. The plaintiff argues the circuit court erred in barring
use of photographs of the intersection and of the defendant's vehicle model grounded on the
plaintiff's failure to disclose the photographs prior to trial pursuant to a discovery request.
The plaintiff claimed disclosure was not compelled under the discovery rules because he
intended to use the photographs only during the plaintiff's examination of the defendant as
an adverse witness. The circuit court emphatically rejected the plaintiff's contention. We
affirm.

¶ 2        The circuit court did not abuse its discretion in barring the plaintiff's use of photographs
not disclosed as required by the discovery rules. Even if a legitimate excuse existed for the
plaintiff's failure to tender the photographs prior to trial, the plaintiff did not meet his burden
of demonstrating prejudice arising from the exclusion of the photographs to merit a new trial.


¶ 3                               BACKGROUND

¶ 4        The central factual disputes before the jury in this vehicle-pedestrian collision were the
location of the collision and whether the defendant hit the plaintiff or the plaintiff walked
into the side of the defendant's car. The plaintiff claimed he was in the crosswalk when he
was struck by the defendant's car; the defendant claimed the plaintiff was some distance
from the crosswalk when he walked into the side of the defendant's car. A single witness
testified in addition to the plaintiff and the defendant. Witness Bradley Allen testified
consistent with the defendant's version of the accident.

¶ 5        Long before trial, the defendant filed a notice to produce "[a]ll photographs, slides, or
motion pictures taken subsequent to the alleged occurrence of the Plaintiff, the vehicles or
other physical objects involved or the scene of the alleged occurrence," pursuant to Illinois
Supreme Court Rule 214 (Ill. S. Ct. R. 214 (eff. Jan. 1, 1996)). The plaintiff's response did
not include the photographs at issue, nor did the plaintiff supplement his Rule 214 response.
The plaintiff claimed he obtained the photographs on the eve of trial.

¶ 6        The plaintiff tendered the photographs at the conference immediately prior to calling the
defendant as an adverse witness in his case in chief. Three photographs were tendered:
Exhibit A, a photograph of the make and model of the defendant's vehicle from
Autotrader.com; Exhibit B, an aerial photograph of the intersection of Clybourn and North
Avenue from Google.com; and Exhibit C, an aerial photograph of the intersection from

Mapquest.com. Defense counsel objected: "There are a bunch of things being produced now *** that we never saw before."

¶ 7      The trial court reviewed the defendant's Rule 214 request to produce:

"[T]here was a request, under 214, which was–it was sent out June of '09, addressing what you have raised with me, subsection three [of Rule 214] requires [production] if it is photos, motion pictures of the following items, the plaintiff's vehicle or other physical objects or scene of occurrence. What's the response?"

Plaintiff's counsel responded that he showed defense counsel the three photographs before the start of trial, pursuant to Illinois Supreme Court Rule 237 (Ill. S. Ct. R. 237 (eff. July 1, 2005)). Plaintiff's counsel admitted he did not disclose the existence of the photographs pursuant to Rule 214. The trial court barred the use of the photographs.

"While I pointed out that 237 has been amended, the reason for the amendment was as follows, to stop 237 from becoming a discovery device. Therefore, if it were not asked for under 214, you couldn't get it under 237; but the reverse is not [true]. If it was asked for under 214, you can't comply with 214 by complying with 237."

¶ 8      Plaintiff's counsel stated his disagreement for the record: "I do not believe that it's required that those be produced prior to using them for cross-examination, when the defendant, who is an adverse witness, is on the stand." The cause proceeded to trial without the photographs.

¶ 9      Called as an adverse witness, the defendant testified the incident took place as he was driving home from work on August 1, 2008. He was driving northbound on Clybourn, to westbound North Avenue to access the Kennedy Expressway. The defendant was moving into the left-turn lane of Clybourn, at its intersection with North Avenue, when he heard a "thud" toward the rear of the passenger side of the car. The defendant explained that Clybourn is an angle street, with its left-turn lane long enough to hold six cars. Plaintiff's counsel renewed his request to use the excluded photographs of the intersection, which the court denied. The defendant testified that when he heard the thud, he was four or five car lengths south of the intersection crosswalk.

¶ 10     Outside the presence of the jury, plaintiff's counsel made an offer of proof by *voir dire* of the defendant. The defendant testified he was familiar with the intersection of North Avenue and Clybourn as it was his common route home from work. He confirmed his testimony that he believed the left-turn lane was long enough to hold six cars. The defendant further admitted that after the incident, he returned to the scene to take a closer look at the left-turn lane. Based on this closer inspection, he concluded the lane could hold six cars. He also admitted that he visited Mapquest.com to do research on the intersection. Plaintiff's counsel showed the defendant Exhibit C, which the defendant admitted accurately depicted the left turn lane as it existed on the day of the accident. The defendant acknowledged he was familiar with the model of the vehicle depicted in Exhibit B, an Infiniti sedan, which was similar to the one he drove on the day of the accident. The trial court admitted the photographs for purposes of the offer of proof.

¶ 11     The plaintiff testified he took the train to a station at the intersection of North Avenue and Clybourn, intending to go to the bank on the opposite corner of the intersection. When

he started to cross the street at the southeast corner of the intersection, the light for northwest bound traffic on Clybourn was red. He claimed he walked in the crosswalk when he was struck by the defendant's car. He testified the passenger-side front fender of the defendant's car made contact with his body, causing him to spin around.

¶ 12    Mr. Allen testified he witnessed the collision between a pedestrian and a vehicle on August 1, 2008. At the time, he was going northwest on Clybourn and was stopped at the intersection, about two car lengths south of where the left-turn lane began and about five car lengths back from the intersection. When asked how many car lengths from the crosswalk the collision between the car and the pedestrian occurred, Mr. Allen testified, "If I was five car lengths back and he was a car length or two in front of me, about three car lengths away from the intersection." Mr. Allen testified he was about one or two car lengths from the incident. He testified the pedestrian and vehicle came into contact southeast of the crosswalk. Mr. Allen testified the pedestrian's left side came in contact with the midpoint of the passenger's side of the defendant's vehicle.

¶ 13    The jury returned a verdict for the defendant. In his motion for a new trial, the plaintiff argued the trial court committed reversible error in barring the plaintiff's use of the three photographs. The plaintiff claimed the photographs were not required to be disclosed because he only intended to use them on cross-examination of the defendant.

¶ 14    The trial court issued a written order denying the plaintiff's motion for a new trial. "[T]he obligation to produce photographs and statements does not depend on how the photographs are used. In fact, Supreme Court Rule 201(b)(1) requires full disclosure of any matter relevant whether it relates to a claim or defense. *** There is no question that the photographs herein would be subject to disclosure whether they were to be used either on direct examination or on cross-examination." The court explained Supreme Court Rule 214 expressly provides that a party may seek, by written request, the production of specified documents. There is no exemption from the requirement that the documents be produced when the documents will be used during cross-examination only. Nor was the circuit court persuaded by the plaintiff's argument that the photographs were not in his possession when he answered the defendant's Rule 214 request and he could not supplement the disclosure because the photographs were not obtained until the eve of trial.

> "What plaintiff has done herein is an attempted end-run around Rule 214. He has waited until the very eve of trial to secure photographs that he could have secured at any time earlier via Google and Mapquest, and then asserted he could not produce the photographs because he did not have them until the eve of trial."

¶ 15    The circuit court emphatically rejected the plaintiff's argument that Supreme Court Rule 213 (Ill. S. Ct. R. 213 (eff. Jan. 1, 2007)) exempts disclosure of documents intended for use solely during cross-examination. "[N]othing could be further from the truth." The circuit court held Rule 214, not Rule 213, controlled the disclosure of the photographs.

¶ 16    The plaintiff's alternative contention that three of the photographs were demonstrative evidence and thus not subject to disclosure was equally unpersuasive. The court agreed that the photograph of the model of the defendant's vehicle was demonstrative, but the two aerial photographs of the intersection were clearly offered as substantive evidence.

¶ 17    Regarding the purported conflict in case law, the circuit court ruled it would follow *Bianchi v. Mikhail*, 266 Ill. App. 3d 767 (1994), a First District case, rather than the case offered by the plaintiff, *Southern Illinois Airport Authority v. Smith*, 267 Ill. App. 3d 201 (1994), a Fifth District case. The court cited additional authority for its ruling that the photographs were subject to disclosure: *Warrender v. Millsop*, 304 Ill. App. 3d 260 (1999), *Monier v. Chamberlain*, 35 Ill. 2d 351 (1966), and *Carney v. Smith*, 240 Ill. App. 3d 650 (1992).

¶ 18    Finally, the circuit court rejected the plaintiff's claim that he was prejudiced by the exclusion of the photographs. The court ruled that although the plaintiff made an offer of proof, he failed to demonstrate how the verdict would have been impacted had the photographs been admitted. Without such a showing, the plaintiff failed to establish that he was substantially prejudiced by the exclusion of the photographs.

¶ 19    The plaintiff timely appeals the circuit court's denial of his posttrial motion.

¶ 20                              ANALYSIS

¶ 21    The plaintiff first contends Illinois Supreme Court Rule 213 provides an exception to the disclosure requirements of Rule 214 for information elicited on cross-examination and, therefore, the trial court erred in barring his use of the photographs. In his reply brief, the plaintiff argues this appeal presents "an opportunity to clarify the seeming inconsistency between [Rules 213 and 214], especially where a party is called and cross-examined as an adverse witness, as happened in this case."

¶ 22    The plaintiff grounds his claim on the language in Rule 213(g). The subpart provides: "Without making disclosure under this rule, however, a cross-examining party can elicit information, including opinions, from the witness." Ill. S. Ct. R. 213(g) (eff. Jan. 1, 2007). We find nothing in the provision of Rule 213(g), however, to support the plaintiff's contention. The rule is expressly limited to eliciting during cross-examination "information, including opinions, from the witness." Ill. S. Ct. R. 213(g) (eff. Jan. 1, 2007). Documents are not mere information, especially documents used substantively. Nothing in Rule 213 provides an exemption from disclosure for documents that are the subject of a written request to produce under Rule 214.

¶ 23    Supreme Court Rule 214 provides in pertinent part:

> "Any party may by written request direct any other party to produce for inspection, copying, reproduction photographing, testing or sampling specified documents, objects or tangible things *** whenever the nature, contents, or condition of such documents, objects, tangible things, or real estate is relevant to the subject matter of the action." Ill. S. Ct. R. 214 (eff. Jan. 1, 1996).

¶ 24    The plaintiff asserts that under his reading of Rules 213 and 214, there is a "seeming inconsistency" on the requirement of disclosure depending on when the requested documents will first be used. We conclude this "seeming inconsistency" is the result of the plaintiff's misreading of Rule 213, which provides no exemption from disclosure for documents that Rule 214 mandates be produced. The plaintiff's reading of Rule 213 that disclosures otherwise required by Rule 214 are exempted when the requested documents will be used

by the opposing party on cross-examination is not a reasonable reading of either Rule 213 or Rule 214. Nor are we persuaded that the authority cited by the plaintiff supports this contention.

¶ 25     The plaintiff relies on *Southern Illinois Airport Authority v. Smith*, 267 Ill. App. 3d 201 (1994), for his assertion that he should have been allowed to use the photographs even though they were not produced in response to the defendant's Rule 214 request. "The logic of the *Airport* case *** applies equally to the present case ***." The plaintiff argues that because the photographs were obtained from Autotrader.com, Google.com, and Mapquest.com, websites within the public domain, and accessible to all, the photographs were equally available to the defendant and his counsel and, therefore, no party would have been unfairly disadvantaged by their use at trial. In the *Airport* case, the Fifth District held that disclosure is not required regarding "documents to be used solely in cross-examination that are within the public domain and equally available to both parties." *Southern Illinois Airport Authority*, 267 Ill. App. 3d at 207. The plaintiff, however, fails to address the express limitation of the Fifth District's holding. "If such documents were used by the cross-examiner in his case in chief or to bolster the testimony of his witnesses, we would not hesitate to rule against such nondisclosure." *Southern Illinois Airport Authority*, 267 Ill. App. 3d at 206.

¶ 26     In the instant case, the plaintiff sought to use the nondisclosed photographs in his case in chief during his examination of the defendant as an adverse witness. It is also clear, the plaintiff sought to use the photographs to effectively bolster the plaintiff's testimony regarding his assessment of the left-turn lane. By the Fifth District's own declaration, the *Airport* case does not apply to the circumstances present in the instant case.

¶ 27     Nonetheless, the plaintiff contends the trial court's reliance on *Bianchi* over *Southern Illinois Airport Authority* is "misplaced and unavailing." The plaintiff argues that unlike the present case, the issue in *Bianchi* was disclosure pursuant to Rule 237, not whether a party must disclose documents under Rule 214 that are within the public domain and equally accessible to both parties, which will be used on cross-examination. Therefore, he contends, *Bianchi* is not on point. We disagree.

¶ 28     Both *Southern Illinois Airport Authority* and *Bianchi* concerned the exercise of the trial court's discretion regarding evidence that was not disclosed as required by supreme court rule prior to trial. We reject the plaintiff's contention that *Bianchi* does not support the circuit court's decision here. Nor do we agree that the Fifth District's decision in *Southern Illinois Airport Authority* conflicts with our decision in *Bianchi*. As we made clear above, the *Airport* case excludes the application of its holding to the use of nondisclosed documents in the plaintiff's case in chief.

¶ 29     Regardless of that clear distinction, the Fifth District ultimately concluded that a new trial was not warranted under the circumstances in the case before it. " ' New trials can be ordered only when the evidence improperly admitted appears to have affected the outcome.' " *Southern Illinois Airport Authority*, 267 Ill. App. 3d at 210 (quoting *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.*, 108 Ill. 2d 106, 115 (1985)). The court ruled no reversible error occurred based on the use of a public domain document.

¶ 30    *Southern Illinois Airport Authority* and *Bianchi* stand as examples of the same analysis on the opposite ends of the prejudice continuum following a discovery rule violation. In the former case, a new trial was unwarranted because the defendant did not suffer substantial prejudice from the cross-examination of the defendant's valuation witness regarding an undisclosed property document. In the latter case, a new trial was warranted based on our conclusion that the plaintiff suffered substantial prejudice by use of an undisclosed hospital manual during cross-examination of the plaintiff's expert.

¶ 31    In *Bianchi*, a defendant doctor cross-examined the plaintiff's Rule 213 medical expert with a clinical laboratory manual from one of the hospitals where the expert witness worked, which the defendant failed to disclose to plaintiff. We ruled the use of the manual violated Supreme Court Rule 237. *Bianchi*, 266 Ill. App. 3d at 776-77. The plaintiff's theory of medical malpractice was that the defendants failed to recognize early stages of kidney disease, where the plaintiff's decedent had a creatinine level of 1.9 when he was admitted to the hospital. *Id.* at 769-70. The plaintiff's expert testified that a normal creatinine level would never be above 1.4 and, therefore, when the defendant doctors observed the decedent's level at 1.9, the doctors were on notice of serious kidney-related problems with the patient. *Id.* at 771. During cross-examination, defense counsel confronted the plaintiff's expert with a clinical laboratory manual that listed the creatinine range for persons over the age of 65 to be between 0.6 and 1.9. *Id.* Plaintiff's expert was surprised and could only conclude that the manual was outdated. *Id.* Plaintiff's counsel did not object to the defendant's use of the manual, though it was not produced pursuant to the plaintiff's pretrial discovery requests; instead, the plaintiff sought a mistrial the following day, which the trial court denied as untimely. *Id.* at 771-72. According to a representation made by plaintiff's counsel in support of alternative relief following the denial of the mistrial motion, the plaintiff's expert "discovered that the range of 0.6 to 1.9 did not apply to Bianchi, but only applied to bedridden patients in long-term care. In fact, the laboratory manual supported [the plaintiff's expert's] testimony because it indicated that 1.4 was the highest level for normal, healthy patients." *Id.* at 772. The alternative relief was denied. The jury returned a verdict in favor of the defendants, which the plaintiff appealed. *Id.* at 773.

¶ 32    We held the trial judge abused his discretion in refusing to grant a mistrial, where the plaintiff "ha[d] clearly shown prejudice of such a character as to deprive her of a fair trial. The confrontation of plaintiff's expert with the laboratory manual completely nullified his testimony. Without a proper opportunity to have reviewed this manual, plaintiff was deprived a fair opportunity to rehabilitate her witness." *Id.* at 777. The case was remanded for a new trial. *Id.* at 781.

¶ 33    In the instant case, the trial court, in the exercise of its discretion, barred the use of the photographs given the plaintiff's clear violation of Rule 214. Although the photographs were readily available to both parties, the defendant proceeded to trial with an expectation that no photographs would be used given the plaintiff's response to the defendant's Rule 214 production request. While we recognize that had the photographs been used in the present case, the surprise to the defendant would not have been as grave as it was under the facts of *Bianchi* or the other cases the trial court cited in its decision, the standard on review remains the same. We cannot say that "no reasonable man would take the view adopted by the court"

to find an abuse of discretion here. Reversal is not warranted. See *In re Leona W.*, 228 Ill. 2d 439, 460 (2008) ("The threshold for finding an abuse of discretion [on an evidentiary ruling] is high.").

¶ 34    Nor does Rule 213 save the plaintiff from his duty to disclose as the circuit court made clear. The plaintiff is correct that Rule 213 allows an attorney to go beyond the opinions and information disclosed to solicit information from the witness during cross-examination that was not previously disclosed. Ill. S. Ct. R. 213 (eff. Jan. 1, 2007). However, we reject the plaintiff's contention that this provision in Rule 213 means he was not required to disclose the photographs he intended to use during cross-examination. The plaintiff's reliance on Rule 213 is misplaced. As the trial court ruled, "The disclosure of photographs is governed by Rule 214, and not Rule 213."

¶ 35    Finally, because we have concluded that the circuit court did not abuse its discretion in barring the use of the photographs, it follows he was not deprived of a fair trial by the trial court's exclusion of the photographs. Even taking as true the plaintiff's contention that he would have used the photographs of the intersection to illustrate the inconsistencies in the testimony of the defendant and Mr. Allen, including whether the plaintiff was in the crosswalk when he was hit, and illustrate to the jury the intersection in relation to the witnesses' testimony, and that the photograph of the type of car the defendant drove was necessary to support his version of the how the accident occurred, the photographs were not of the sort that would have impacted the jury's verdict. See *Leary v. Eng*, 214 Ill. App. 3d 279, 284 (1991) (unless substantial prejudice affecting the outcome of the trial is shown, the judgment of the trial court should not be reversed on the basis of an evidentiary ruling).

¶ 36    The jury's verdict turned on the plaintiff's location when he came into contact with the defendant's car. The proffered photographs would not have provided the jury with direct information as to where the plaintiff stood when the accident occurred.

¶ 37                                CONCLUSION

¶ 38    The trial court did not abuse its discretion in barring the plaintiff's use of photographs that were not disclosed pursuant to a Rule 214 request. The trial court properly concluded Rule 213 did not exempt the required disclosure under Rule 214 merely because the plaintiff intended to use the photographs during his examination of the defendant as an adverse witness. Rule 213 has no application to the intended use of the photographs in this case. Nor did the plaintiff demonstrate that his use of the excluded photographs would have impacted the jury's verdict of no liability.

¶ 39    Affirmed.