NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances al-
lowed under Rule 23(e)(1).

2021 IL App (4th) 210014-U

NO. 4-21-0014

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 13, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| WILLIAM "WES" JOHNSON, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| LUCAS ARMSTRONG; McLEAN COUNTY | ) | No. 18L126 |
| ORTHOPEDICS, LTD.; SARAH HARDEN; and | ) | |
| ADVOCATE HEALTH AND HOSPTIALS | ) | |
| CORPORATION, d/b/a ADVOCATE BROMENN | ) | Honorable |
| MEDICAL CENTER, | ) | Rebecca S. Foley, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirmed the trial court's judgment of indirect civil contempt because the defendants failed to comply with the trial court's proper discovery order.

¶ 2    In September 2018, plaintiff, William "Wes" Johnson, filed a complaint against defendants, Lucas Armstrong, McLean County Orthopedics, Ltd. (MCO), Sarah Harden, and Advocate Health and Hospitals Corporation, d/b/a Advocate BroMenn Medical Center (Advocate). The complaint generally alleged that in October 2016, Armstrong negligently caused Johnson to have a femoral nerve injury during a left total hip arthroplasty (in layman's terms, a hip reconstruction or replacement) and that the remaining defendants were liable under theories of *res ipsa loquitor* and *respondeat superior*.

¶ 3    In July 2020, Johnson served his First Supplemental Discovery Request upon

defendants, requesting that they provide copies of documentation concerning whether Johnson's expert witness, Dr. Sonny Bal, was barred from testifying or disqualified as an expert witness in any case (Bal materials). Ultimately, defendants refused to comply, and the trial court entered an order finding defendants in indirect civil contempt.

¶ 4        Defendants appeal, arguing that (1) the trial court erred by granting Johnson's motion to compel because (a) the Bal materials were publicly available and equally accessible by both parties and (b) the information would be used solely in cross-examination of Johnson's expert at trial and (2) the trial court's order finding defendants in indirect civil contempt should be vacated.

¶ 5        We disagree and affirm.

¶ 6                              I. BACKGROUND

¶ 7                              A. The Complaint

¶ 8        In September 2018, Johnson filed a complaint against defendants, Armstrong, MCO, Harden, and Advocate. The complaint alleged that (1) Armstrong negligently caused Johnson to have a femoral nerve injury during a left total hip arthroplasty on October 6, 2016, (2) MCO was vicariously liable for Armstrong's negligence, (3) Armstrong and his assisting nurses Sarah Harden and Pamela Rolf were liable via a theory of *res ipsa loquitur*, and (4) Advocate was vicariously liable for Harden and Rolf's actions. (We note that Johnson later moved to dismiss Rolf as a defendant, and the trial court dismissed her from the case.)

¶ 9                              B. Discovery

¶ 10       In June 2020, defendants took Bal's discovery deposition. At that deposition, defendants asked if Bal had ever been barred from testifying in federal court, specifically in 2014 and 2017. Bal responded that he believed he had only been barred once in a products liability case

that ended up not going to trial. However, Bal agreed that if the facts showed he had been barred, he would have no reason to disagree with them.

¶ 11        In July 2020, Johnson served his First Supplemental Discovery Request upon defendants. Johnson requested that defendants, "pursuant to Illinois Supreme Court Rules 201, 213 and 214," among other things, "[p]rovide copies of any/all documentation concerning the issue of whether Dr. Sonny Bal was barred from testifying in any case, or was otherwise disqualified as an expert witness."

¶ 12         In September 2020, defendants filed a response to Johnson's discovery request in which defendants objected to the requests. Specifically, in response to the request described above, defendants wrote the following:

> "Defendants object to this Request for Production of Documents. The documentation requested is equally available to all parties as it is in the public domain, easily accessible and obtainable. *Illinois Evidence Manual*, § 7.34, *Stapleton v. Moore*, 403 Ill. App. 3d 147 (1st Dist. 2010); *Maffett v. Bliss*, 329 Ill. App. 3d at 577 (4th Dist. 2002)."

¶ 13        In October 2020, Johnson filed a motion to compel in which he sought the Bal materials.

¶ 14        In November 2020, the trial court conducted a hearing on Johnson's motion to compel and granted the motion in part, ordering defendants to respond on or before December 23, 2020. (We note that the record does not contain a report of proceedings for this hearing.)

¶ 15        In December 2020, defendants filed their supplemental response in which they maintained that Johnson was not entitled to the Bal materials. Defendants wrote that they "object to this Request for Production of Documents," refused to produce the Bal materials, and argued a

- 3 -

good faith basis existed for such a refusal. Defendants requested that the trial court find them in indirect civil contempt in order to present the matter to the appellate court.

¶ 16      Later that month, the trial court entered an order in which it wrote, in pertinent part, the following:

"2. Plaintiff's First Supplemental Discovery Request to Defendants sought the production of materials regarding whether Plaintiff's expert witness was barred from testifying in any case, was otherwise disqualified as an expert witness, and copies of transcripts of testimony by Plaintiff's expert in other cases;

* * *

8. The court granted Plaintiff's First Amended Motion to Compel Armstrong in part, particularly that Defendants, Dr. Armstrong and McLean County Orthopedics, were to produce materials regarding whether Plaintiff's expert witness was barred from testifying in any case, or was otherwise disqualified as an expert witness, on or before December 23, 2020."

The court held counsel for defendants "in indirect civil contempt for failure to comply with the court's November 23, 2020 pretrial discovery order."

¶ 17      This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19      Defendants appeal, arguing that (1) the trial court erred by granting Johnson's motion to compel because (a) the Bal materials were publicly available and equally accessible by both parties and (b) the information would be used solely in cross-examination of Johnson's expert at trial and (2) the trial court's order finding defendants in indirect civil contempt should be vacated. We disagree and affirm.

¶ 20    A. The Trial Court Did Not Abuse Its Discretion by Granting Johnson's

Motion To Compel

¶ 21    Defendants argue that the trial court erred by granting Johnson's motion to compel because the information sought was (1) publicly available and equally accessible by both parties and (2) solely to be used for cross-examination of Johnson's expert witness at trial.

¶ 22    1. *The Law*

¶ 23    Illinois Supreme Court Rule 201(b) (eff. July 1, 2014) states, "Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action."

¶ 24    Illinois Supreme Court Rule 213 (eff. Jan. 1, 2018) governs written interrogatories between parties. Rule 213(f) states the following:

"Upon written interrogatory, a party must furnish the identities and addresses of witnesses who will testify at trial and must provide the following information:

* * *

(3) *Controlled Expert Witnesses*. A 'controlled expert witness' is a person giving expert testimony who is the party, the party's current employee, or the party's retained expert. For each controlled expert witness, the party must identify: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case."

Rule 213(g) states the following:

"Limitation on Testimony and Freedom to Cross-Examine. The information

disclosed in answer to a Rule 213(f) interrogatory, or in a discovery deposition, limits the testimony that can be given by a witness on direct examination at trial. Information disclosed in a discovery deposition need not be later specifically identified in a Rule 213(f) answer, but, upon objection at trial, the burden is on the proponent of the witness to prove the information was provided in a Rule 213(f) answer or in the discovery deposition. Except upon a showing of good cause, information in an evidence deposition not previously disclosed in a Rule 213(f) interrogatory answer or in a discovery deposition shall not be admissible upon objection at trial.

Without making disclosure under this rule, however, a cross-examining party can elicit information, including opinions, from the witness. This freedom to cross-examine is subject to a restriction that applies in actions that involve multiple parties and multiple representation. In such actions, the cross-examining party may not elicit undisclosed information, including opinions, from the witness on an issue on which its position is aligned with that of the party doing the direct examination."

¶ 25 "[N]one of Rule 213's disclosure requirements applies to cross-examining an opposing party's opinion witness." *Maffett v. Bliss*, 329 Ill. App. 3d 562, 577, 771 N.E.2d 445, 458 (2002); see also *Stapleton ex rel. Clark v. Moore*, 403 Ill. App. 3d 147, 156, 932 N.E.2d 487, 497 (2010).

¶ 26 However, Illinois Supreme Court Rule 214(a) (eff. July 1, 2018) states the following:

"Any party may by written request direct any other party to produce for inspection, copying, reproduction photographing, testing or sampling specified

documents, including electronically stored information as defined under Rule 201(b)(4), objects or tangible things, *** or to disclose information calculated to lead to the discovery of the whereabouts of any of these items, whenever the nature, contents, or condition of such documents, objects, [or] tangible things *** is relevant to the subject matter of the action."

¶ 27 Similarly, "[d]iscovery orders are typically reviewed for an abuse of discretion." *People ex rel. Madigan v. Stateline Recycling, LLC*, 2020 IL 124417, ¶ 36. "The standard of 'abuse of discretion' is the most deferential standard of review recognized by the law; a decision will be deemed an abuse of discretion only if the decision is unreasonable and arbitrary or where no reasonable person would take the view adopted by the [trial] court." (Internal quotation marks omitted.) *Salvator v. Air & Liquid Systems Corp.*, 2017 IL App (4th) 170173, ¶ 66, 92 N.E.3d 529.

¶ 28 "The trial court is given great latitude in determining the scope of discovery, because the range of relevance and materiality for discovery purposes includes not only what is admissible at trial but also that which leads to what is admissible at trial." *The Y-Not Project, Ltd. v. Fox Waterway Agency*, 2016 IL App (2d) 150502, ¶ 43, 50 N.E.3d 42. "The objectives of pretrial discovery are to enhance the truth-seeking process, to enable attorneys to better prepare for trial, to eliminate surprise[,] and to promote an expeditious and final determination of controversies in accordance with the substantive rights of the parties." *D.C. v. S.A.*, 178 Ill. 2d 551, 561, 687 N.E.2d 1032, 1037 (1997).

¶ 29                                     2. *This Case*

¶ 30 We agree with Johnson that defendants were required to produce the Bal materials and conclude that the trial court's ordering defendants to produce the Bal materials was not error.

¶ 31 We agree with defendants and reaffirm that Illinois Supreme Court Rule 213 does

not provide authority for the trial court to order disclosure of materials that would be used solely for cross-examination of an opinion witness. See *Maffett*, 329 Ill. App. 3d at 577.

¶ 32 However, Rule 213 does not decide this case because it does not govern the production of documents. Rule 213 governs written interrogatories. Rule 214 is the discovery rule that governs requests to produce documents and other tangible things. In fact, in defendants' response to Johnson's request, defendants described the request as "Request for Production of Documents." This appears to indicate that defendants, at least at the time they wrote their response, understood that the request at issue was a request for production of documents.

¶ 33 In *Scales v. Benne*, 2011 IL App (1st) 102253, ¶ 21, 959 N.E.2d 764, the First District analyzed a party's argument that the disclosure of photographs to be used in cross-examination would be governed by Rule 213 instead of Rule 214. The First District rejected that argument, stating that "[n]othing in Rule 213 provides an exemption from disclosure for documents that are the subject of a written request to produce under Rule 214." *Id.* ¶ 22. The court continued by concluding that Rule 213 "provides no exemption from disclosure for documents that Rule 214 mandates be produced. The plaintiff's reading of Rule 213 that disclosures otherwise required by Rule 214 are exempted when the requested documents will be used by the opposing party on cross-examination is not a reasonable reading of either Rule 213 or Rule 214." *Id.* ¶ 24.

¶ 34 Defendants rely heavily upon *Southern Illinois Airport Authority v. Smith*, 267 Ill. App. 3d 201, 641 N.E.2d 1240 (1994). However, the First District neatly summarizes that case, noting, "In [that] case, a new trial was unwarranted because the defendant did not suffer substantial prejudice from the cross-examination of the defendant's valuation witness regarding an undisclosed property document." *Scales*, 2011 IL App (1st) 102253, ¶ 30. The distinction between this case and *Southern Illinois Airport Authority* is clear—the court in that case was assessing

whether to grant a *new trial*. In this case, well before trial, the trial court ordered defendants to comply with Johnson's request to produce documents. Unlike in *Southern Illinois Airport Authority*, we need not approach the question of whether a new trial would be required after the fact. Instead, the question before this court is whether the trial court could, pursuant to Rule 214, require defendants to disclose the Bal materials. The answer is yes.

¶ 35         Pursuant to Rule 214, the trial court was authorized to order defendants to produce the Bal materials. The Bal materials appear to be "relevant to the subject matter of the action" because they go to Bal's credibility as an expert and the weight the trier of fact should give to his testimony. In any event, the trial court was in the best position to judge the relevancy of the materials sought in Johnson's Rule 214 request, and nothing in the record suggests the trial court's order requiring the production of the Bal materials was an abuse of discretion.

¶ 36          B. The Trial Court's Indirect Civil Contempt Finding Should Be Vacated

¶ 37         When "our review concerns the trial court's adjudication of contempt, we find it is appropriate to apply an abuse of discretion standard." *People v. Cole*, 2017 IL 120997, ¶ 20, 104 N.E.3d 325.

¶ 38         Defendants argue that the trial court's indirect civil contempt finding should be vacated. Johnson takes no position on this issue. Because we conclude that the trial court's granting Johnson's motion to compel was proper, the trial court's order finding defendants in indirect civil contempt will not be disturbed at this time. Defendants may purge their contempt by complying with the trial court's discovery order.

¶ 39                              III. CONCLUSION

¶ 40         For the reasons stated, we affirm the trial court.

¶ 41         Affirmed.